EX PARTE VALRIE JORDAN BURNS.

No. 19236. Delivered October 13, 1937.

The opinion states the case.

*Gray & Pope*, of Tyler, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—In a trial in the county court of Smith County judgment was entered finding appellant to be a delinquent child and she was sentenced to confinement in the girls' training school at Gainesville. No appeal was taken from the

judgment of conviction. Subsequently, by way of habeas corpus, appellant sought her release. After a hearing she was remanded to custody. Hence this appeal.

We understand from the record that it is appellant's contention that the evidence adduced in the county court on her trial for delinquency was insufficient to warrant her conviction. The judgment appears regular. If appellant deemed the evidence insufficient she could have appealed from said judgment. The county court of Smith County had authority to determine whether she was a delinquent child. In Ex parte Davis, 211 S. W., 456, this court used language as follows:

"The authority for holding the relator being under a judgment which, on its face, is regular and against which no direct attack is made, there would be available in the collateral proceeding of a habeas corpus under the record only the question of the jurisdiction of the court to enter the judgment."

We quote further from the opinion:

"The court having jurisdiction to render the judgment, and the law affording a remedy by appeal, we are not, in a habeas corpus proceeding, in a position to inquire into questions of procedure in the trial, or the sufficiency of the evidence upon which the judgment was rendered."

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.