Ex parte Jesse M. BARFIELD.

No. 69485.

Court of Criminal Appeals of Texas, En banc.

Oct. 9, 1985.

Jesse M. Barfield, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Applicant filed this application for a post conviction writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P. Applicant's habeas corpus application was first filed in the convicting court as required by Art. 11.07. No orders or answers were filed by the convicting court or the State and the application was forwarded to this Court pursuant to Art. 11.07, Sec. 2(c).

In 1977, a jury convicted applicant of burglary and found that he had been twice previously convicted of felonies. In accord with V.T.C.A. Penal Code, Sec. 12.42(d), the court assessed punishment at life imprisonment. We affirmed the conviction in our Cause No. 58,688, an unpublished per curiam opinion.

■ Applicant contends that he was denied due process of law because no evidence was introduced at his trial to prove that his second prior felony conviction was for an offense committed after his first prior felony conviction became final, as required by Sec. 12.42(d), supra. *Hickman v. State*, 548 S.W.2d 736 (Tex.Cr.App.1977). Applicant correctly contends that since this is a "no evidence" case as opposed to one alleging "insufficient evidence," he is entitled to raise his contention by way of collateral attack by writ of habeas corpus. See *Ex. Parte Murchison*, 560 S.W.2d 654 (Tex.Cr.App.1978); and *French v. Estelle*, 692 F.2d 1021, 1024, n. 6, (5th Cir.1982).[1]

■ An examination of the papers contained in the application before us and of the record in the original trial (see *Ex Parte Johnston*, 587 S.W.2d 163 [Tex.Cr.App.1979]), reveals that the State introduced into evidence two "pen packets" containing judgments and sentences of the prior convictions that were used to enhance the instant case. Applicant's conviction for forgery in Cause No. 114,352 was final on March 12, 1965; this conviction was final before the commission of the primary offense which apparently occurred on February 26, 1977. Applicant's conviction for burglary in Cause No. 33,470 was final on March 22, 1962. The record does not show when the offense in Cause No. 114,352, the second prior felony, was committed. There is, as applicant alleges, no evidence showing the date of the commission of the second prior felony alleged for enhancement. Applicant is entitled to relief.

■ Because the case was tried to a jury at the guilt-innocence stage and at the punishment stage, applicant is entitled to a new trial on the issue of guilt as well as punishment. *Ex Parte Augusta*, 639 S.W.2d 481 (Tex.Cr.App.1982); *Hickman*, supra.

The judgment of conviction in Cause No. 8078–B in the 87th District Court of Freestone County is ordered set aside and applicant is remanded to the custody of the Sheriff of Freestone County to answer the indictment in this cause.[2] A copy of this opinion will be forwarded by the Clerk of this Court to the Texas Department of Corrections.

TOM G. DAVIS, J., not participating.

---

1. Cf. *Ash v. State*, 514 S.W.2d 762 (Tex.Cr.App. 1974). The validity of *Ash* may be doubtful given the above-mentioned cases.

2. In the event of retrial the second felony conviction alleged for enhancement cannot be used by the State for any purpose. *Washington v. State*, 677 S.W.2d 524 (Tex.Cr.App.1984).