**Ex parte Thaddeus Vandehue WILLIAMS.**

**No. 68970.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 5, 1986.

Thaddeus Vandehue Williams pro se.

John B. Holmes, Jr., Dist. Atty., and Susan Spruce, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These proceedings involve a post-conviction application for writ of habeas corpus brought under the provisions of Article 11.-07, V.A.C.C.P.

Applicant seeks to set aside five (5) convictions for aggravated robbery.

On June 17, 1978, an indictment was returned against the applicant in the 178th District Court. It contained five separate counts alleging aggravated robberies committed on different dates against different victims. A prior felony conviction was alleged for enhancement of punishment in connection with the first count of the indictment only.

The basic allegations in each count were that applicant

"... on or about (date) did then and there unlawfully while in the course of committing theft of money owned by (name of Complainant) hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a firearm."

On October 2, 1978, applicant waived trial by jury, entered a plea of guilty to all counts of the indictment, and entered an agreement to stipulate evidence on each count. Each agreement also contained a sworn stipulation by the applicant. Applicant also stipulated he had been previously convicted of a felony as alleged in connection with the first count of the indictment. The court found applicant guilty of all five counts as well as being a repeat offender as alleged and ordered a pre-sentence investigation. On November 10, 1978, the court assessed applicant's punishment at 25 years' imprisonment on each count. The applicant then waived time in which to file a motion for new trial or in arrest of judgment, and the court sentenced applicant to not less than 15 nor more than 25 years on the first count, and from 5 to 25 years in connection with each of the other counts. Separate judgments and sentences were entered on each count. Applicant did not appeal any of these convictions.

Subsequently applicant filed a pro se application for post-conviction writ of habeas corpus in the 178th District Court. In said

application it was urged that the evidence was insufficient to support his guilty pleas in trial court No. 280365 on the five counts of aggravated robbery as required by Article 12, V.A.C.C.P. (1925) (obviously meaning Article 1.15, V.A.C.C.P. [1965]) (as amended 1973). He urged the trial court was thus without jurisdiction, and he was deprived of due process under the Fourteenth Amendment. In support of his argument he calls attention to the stipulation on each count including the waiver of the appearance, confrontation and cross-examination of witnesses and the consent to stipulation which stated:

"... I waive my rights against self-incrimination and confess the following facts:

"On (date) in Harris County, Texas, I did intentionally and knowingly threaten imminent bodily injury to (name of Complainant) with the use of a deadly weapon, namely a firearm."

The stipulation was sworn to by the applicant.

In response the State answered applicant's allegations were an improper collateral attack on the sufficiency of the evidence, and without a transcript of the hearing on the guilty pleas there was no adequate showing that the written stipulations introduced at said hearing contained the only evidence submitted to support the convictions citing *Wolfe v. State*, 560 S.W.2d 686 (Tex.Cr.App.1978).

The trial court found no controverted, previously unresolved facts material to the legality of the confinement requiring an evidentiary hearing and ordered the record forwarded to this Court with judgments and sentences, stipulations, jury waivers, etc.

This Court ordered the trial court to more fully develop the facts concerning applicant's allegations by affidavits, evidentiary hearing, etc., and to file findings of facts. The trial court complied with this Court's request.

The affidavit of the court reporter showed that her notes in the case in question (Trial Court No. 280365) had been destroyed. The judgment reflected that evidence was heard. The defense counsel's affidavit stated the *only written material* introduced at applicant's trial were the five stipulations (one for each count). He did not recall anyone asking the applicant if all the allegations in the indictment were true and did not recall any *oral* judicial confession or confessions by the applicant.

In his findings the trial court traced the history of the case, noted the two aforementioned affidavits, and further found the five written stipulations were the only evidence introduced to support the judgments. The trial court concluded that evidence was sufficient to show that applicant was guilty only of the lesser included offense of aggravated assault and that he had been previously convicted as alleged in connection with the first count of the indictment.

It is well established that the Court of Criminal Appeals is not bound by the findings of the trial judge in post-conviction habeas corpus proceedings under Article 11.07, V.A.C.C.P. See *Ex parte Stauts*, 482 S.W.2d 638 (Tex.Cr.App.1972); *Ex parte Rains*, 555 S.W.2d 478 (Tex.Cr.App. 1977); *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980); *Ex parte Acosta*, 672 S.W.2d 470 (Tex.Cr.App.1984).

It is equally well established that the burden of proof is upon the applicant in such proceedings, and includes the burden of proving his factual allegations. See *Alexander v. State*, 598 S.W.2d 308 (Tex.Cr. App.1980); *Ex parte McWilliams*, 634 S.W.2d 815 (Tex.Cr.App.1982), cert. den. 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602; *Ex parte Salinas*, 660 S.W.2d 97 (Tex. Cr.App.1983). See also *Ex parte Sanders*, 588 S.W.2d 383 (Tex.Cr.App.1979). Further, there is a presumption of regularity with respect to guilty pleas under Article 1.15, V.A.C.C.P. *Reed v. State*, 610 S.W.2d 495 (Tex.Cr.App.1981).

It is applicant's contention that the "sworn to" stipulation was the only evidence offered in each case, that while each stipulation might be a "judicial confession" as to an assault, each was not sufficient to

establish the allegations of aggravated robbery as alleged in each indictment upon his plea of guilty in each case.

It is apparently his contention that, even though no effort was made to withdraw the guilty pleas, though no motion for new trial was filed, and though no appeals were taken, he may collaterally attack his convictions by post-conviction habeas corpus proceedings based on the failure of the State to comply with Article 1.15, V.A.C.C.P., and offer sufficient evidence to support the judgments in each case where he entered a plea of guilty. He makes this contention, although he waited until the court reporter's notes were destroyed. Thus applicant is attacking collaterally his conviction based on his guilty plea before the court by asserting the evidence was insufficient to support that conviction.

It has long been the general rule that the sufficiency of the evidence cannot be attacked collaterally. *Ex parte Rogers*, 201 S.W. 1157 (Tex.Cr.App.1919); *Ex parte Banspach*, 130 Tex.Cr.R. 3, 91 S.W.2d 365 (1936); *Ex parte Caldwell*, 383 S.W.2d 587 (Tex.Cr.App.1964); *Ex parte Muro*, 394 S.W.2d 174 (Tex.Cr.App.1965); *Ex parte Taylor*, 480 S.W.2d 692 (Tex.Cr.App.1972); *Gaines v. State*, 501 S.W.2d 315 (Tex.Cr.App.1973); *Owens v. State*, 540 S.W.2d 324 (Tex.Cr.App.1976); *Ex parte Ashcraft*, 565 S.W.2d 926 (Tex.Cr.App.1978); *Ex parte Smith*, 571 S.W.2d 22 (Tex.Cr.App.1978); *Ex parte Dantzler*, 571 S.W.2d 536 (Tex.Cr.App.1978); *Ex parte Dunn*, 571 S.W.2d 928 (Tex.Cr.App.1978); *Ex parte McWilliams*, 634 S.W.2d 815 (Tex.Cr.App.1982). See also *Ex parte Easter*, 615 S.W.2d 719, *cert. den., Easter v. Texas*, 454 U.S. 943, 102 S.Ct. 481, 70 L.Ed.2d 252; 38 Tex. Jur.3rd Extraordinary Writs, § 48, p. 96.

In *Ex parte Banspach*, supra, it was written:

"It is well settled by the decisions of the Court of Criminal Appeals that the merits of a case involving the guilt or innocence of an accused are not a proper subject of inquiry in a habeas corpus proceeding."

It has been frequently held that the writ of habeas corpus cannot be used as substitute for or to usurp the function of an appeal. *Ex parte Overstreet*, 129 Tex. Cr.R. 574, 89 S.W.2d 1002 (1936); *Ex parte Hubbard*, 153 Tex.Cr.R. 112, 218 S.W.2d 209 (1949); *Ex parte Puckett*, 161 Tex. Cr.R. 51, 274 S.W.2d 696 (1954); *Ex parte Wingfield*, 162 Tex.Cr.R. 112, 282 S.W.2d 219 (1955), *cert. den.* 350 U.S. 1002, 78 S.Ct. 553, 100 L.Ed. 866; *Ex parte Lyles*, 168 Tex.Cr.R. 145, 323 S.W.2d 950 (1959); *Ex parte Sepalveda*, 172 Tex.Cr.R. 455, 358 S.W.2d 630 (1962); *Ex parte Powell*, 558 S.W.2d 480 (Tex.Cr.App.1977); *Ex parte McGowen*, 645 S.W.2d 286 (Tex.Cr. App.1983); *Ex parte Gomez*, 667 S.W.2d 932 (Tex.App.—Austin 1984) (review refused).

*Ex parte Burns*, 133 Tex.Cr.R. 77, 109 S.W.2d 211 (1937), made clear that when the trial court has jurisdiction to render judgment and the law affords a remedy by appeal the court cannot in habeas corpus proceedings inquire into questions of the sufficiency of the evidence upon which the judgment was rendered.

A study of the cases supporting the above general rule shows that it has been applied or intended to apply across the board to all types of criminal cases, whether the offense be a felony or misdemeanor or whether the trial be before the court or jury, and whether the plea is one of not guilty, guilty, or nolo contendere.

In *Ex parte Lyles*, supra, the Court wrote:

"Where, however, there is no appeal or where the record on appeal is not timely filed or properly certified and the conviction becomes final the defendant's right to complain of the insufficiency of the evidence is lost.

"This is the rule where the defendant throughout insists that he is innocent and has pleaded not guilty.

*"It would be a strange doctrine to say that one who confesses to the crime and pleads guilty before the court, and waives a jury trial, should be afforded a remedy denied to one who asserts his*

*innocence throughout."* (Emphasis supplied.)

When the plea is not guilty, the burden of proof is upon the State beyond a reasonable doubt. V.T.C.A., Penal Code, § 2.01; Article 38.03, V.A.C.C.P., as amended. About this there can be no question.

The necessity of evidence when the plea is guilty or nolo contendere needs to be explored.

▮ In a misdemeanor case when a defendant enters a plea of guilty before the court he admits every element of the offense. *Ex parte Clinnard,* 169 Tex.Cr.R. 460, 169 S.W.2d 181 (1943); *Brown v. State,* 507 S.W.2d 235 (Tex.Cr.App.1974). See also *Dees v. State,* 676 S.W.2d 403 (Tex.Cr.App.1984). The same rule applies where the guilty plea to a misdemeanor is before the jury. *Brown v. State,* supra. Article 27.14, V.A.C.C.P., provides that in pleas of guilty or nolo contendere in a misdemeanor case before the court punishment may be assessed by the court with or without evidence within the discretion of the court. See *Foster v. State,* 422 S.W.2d 447 (Tex.Cr.App.1967); *Brown v. State,* supra. Thus, normally on appeal from a misdemeanor conviction based on a plea of guilty or nolo contendere there can be no question of the sufficiency of the evidence. It follows that a collateral attack of the sufficiency of the evidence to support a misdemeanor conviction by habeas corpus is not permitted.

▮ In felony cases a plea of guilty before the jury admits the existence of all necessary elements to establish guilt, and in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. *Darden v. State,* 430 S.W.2d 494, 495 (Tex.Cr.App.1969), and cases there cited; *Renesto v. State,* 452 S.W.2d 498 (Tex.Cr.App.1970); *Brown v. State,* 507 S.W.2d 235 (Tex.Cr.App.1974); *Brison v. State,* 570 S.W.2d 937 (Tex.Cr.App.1978); *Williams v. State,* 674 S.W.2d 315 (Tex.Cr. App.1984). In such cases there is no ques-

tion of the sufficiency of the evidence on appeal, Brison v. State, supra, or on collateral attack. *Ex parte Taylor,* 480 S.W.2d 692 (Tex.Cr.App.1973).

As to the necessity of evidence where a plea of guilty or nolo contendere in a noncapital felony case is entered before the court, the rule is different. Texas has a procedural requirement in such cases unlike that of most jurisdictions and even unlike such pleas in misdemeanor cases in this state. Article 1.15, V.A.C.C.P. (former Article 12, V.A.C.C.P., 1925) requires that the State offer sufficient proof to support any judgment based on a guilty or nolo contendere plea to a felony case tried before the court. Under this statute evidence is received to support the judgment, not to accept a plea of guilty or nolo contendere. *Thornton v. State,* 601 S.W.2d 340, 347 (Tex.Cr.App.1980) (opinion on rehearing). Article 1.15, supra, is an additional procedural safeguard required by the State of Texas but not by federal constitutional law. The history of the statute and its requirements are discussed in *Rodriguez v. State,* 442 S.W.2d 376, 379 (Tex.Cr.App.1969), and *Thornton v. State,* supra. In 1931 former Article 12, V.A.C.C.P., 1925, was amended along with other statutes to permit a defendant to waive a jury trial and enter a plea of guilty before the court in a felony case less than capital. Prior to such time there had to be a jury trial in felony cases regardless of the plea. Since there would no longer be a verdict of one's peers before a defendant was sent to prison, the statute required sufficient evidence to support the judgment where he entered a guilty plea before the court to a non-capital felony. See *Franklin v. State,* 144 S.W.2d 581 (Tex.Cr.App.1940).

▮ While the sufficiency of the evidence to support a judgment of conviction under Article 1.15, supra, and its requirements may be challenged on appeal, such conviction may not be subject to challenge on collateral attack by habeas corpus.

In *Thornton* it was stated that Texas is not bound by any federal common law doc-

trine of conviction by plea; that doctrine has not been imposed on the criminal law of Texas by the Constitution of the United States or by the Supreme Court of the United States directly or through the Fourteenth Amendment "incorporation" or any other fashion and Article 1.15, supra, passes federal constitutional muster.

Turning from the discussion of pleas of guilty, etc., we note that there is a "no evidence" exception to the general rule that the sufficiency of the evidence to support the conviction may not be collaterally attacked. In *Ex parte Dantzler*, 571 S.W.2d 536 (Tex.Cr.App.1978), it was acknowledged that in *Ex parte Moffett*, 542 S.W.2d 184 (Tex.Cr.App.1976), a "no evidence" exception had been created to the foregoing general rule. In *Moffett* this Court allowed the defendant to collaterally attack an order revoking probation where the order was based on no evidence, not insufficient evidence. The Court based the decision expressly and squarely upon "the due process clause of the United States Constitution."[1]

*Moffett* was an unusual case. Two indictments for robbery were returned against the defendant. Subsequently he pleaded guilty to one indictment before a jury which recommended probation. One of the probationary conditions imposed by the court was to "neither commit nor be convicted of any offense against the laws of the State of Texas...." The next day he pleaded guilty to the second robbery indictment before the court and was convicted. The defendant's probation was then revoked on the basis of evidence he had been "convicted" since the time probation was granted. On his post-conviction habeas corpus attack upon the revocation order, this Court held the probationary condition as to conviction was not consonant

with the statutory conditions insofar as it was not dependent upon the defendant's conduct following the granting of probation, and the trial court's interpretation of the non-statutory condition was unreasonable. It was concluded that since there was no evidence of conduct after probation was granted there was a violation of due process and the revocation order was subject to collateral attack. There, of course, was evidence offered of a conviction after probation, but this Court interpreted the probationary condition as legally pertaining only to conduct after probation and concluded there was no evidence of such conduct. *Moffett* in retrospect appears to be more of a fundamental fairness case than a true no evidence case.

In *Ex parte Murchison*, 560 S.W.2d 654 (Tex.Cr.App.1978), the defendant was indicted for assault with intent to commit rape with two prior final felony convictions alleged to fix his status as an habitual criminal. The State offered proof of the two prior convictions, but the judgment in the first prior conviction reflected the defendant had been granted probation. There was no further showing the conviction had become final as alleged and as required by law. *Carter v. State*, 510 S.W.2d 323 (Tex.Cr.App.1974). On collateral attack this Court held that since there was no evidence to show the finality of the first prior conviction that the life sentence was obtained in violation of the defendant's due process rights. *Moffett* was cited.

The jury in *Murchison* convicted him of the primary offense and found the allegations of the two prior felony convictions to be "true." There was evidence to support all allegations and the jury's verdict except as to the single allegation of the finality of one prior conviction. This then was an

---

1. In *Thompson v. City of Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), the United States Supreme Court held a state conviction was unconstitutional where the criminal charge was totally devoid of evidentiary support. In that opinion the Court stated:

   "The ultimate question presented to us is whether the charges against petitioner were so totally devoid of evidentiary support as to

render his conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment. Decision of this question turns not on the sufficiency of evidence, but whether this conviction rests on any evidence at all."

The *Thompson* holding came to be known as the source of the "no evidence" rule some years before the *Moffett* decision.

insufficient evidence case, not a no evidence case. The allegations were not totally devoid of evidentiary support. See *Thompson v. City of Louisville,* supra.

*Wolfe v. State,* 560 S.W.2d 686 (Tex.Cr. App.1978), involved an appeal from an order of revocation of probation. In such an appeal the defendant sought to collaterally attack the criminal mischief conviction for which he was placed on probation. He contended the conviction was void as no evidence was offered to support it. The only evidence in the record on appeal was a judicial confession admitting an offense on December 21, 1977, when the indictment was returned on February 4, 1977 alleging an offense on or about December 21, 1976. The Court noted the record supported the contention, but that there was no transcription of the court reporter's notes. The Court then wrote:

"Without that transcription, we are unable to ascertain whether other evidence was introduced to support the appellant's conviction. We therefore hold that that the appellant's contention does not fall within the purview of Ex parte Moffett, supra, but is merely an impermissible attempt to collaterally attack the sufficiency of the evidence. Appellant's contention is overruled...."

No effort was made to apply the general rule prohibiting collateral attack even if the court reporter's notes had been transcribed and in the record.

In *Ex parte Dantzler,* 571 S.W.2d 536 (Tex.Cr.App.1978), the applicant claimed on collateral attack the evidence showed two offenses of welfare fraud rather than felony theft as charged and for which he was convicted. On rehearing the Court applied *Moffett, Murchison* and *Wolfe* and found that without a transcription of the court reporter's notes it was an impermissible attempt to collaterally attack the sufficiency of the evidence.

In *Ex parte Barfield,* 697 S.W.2d 420 (Tex.Cr.App.1985), the applicant collaterally attacked his life sentence imposed under V.T.C.A., Penal Code, § 12.42(d). He claimed in his post-conviction habeas corpus application the State failed to prove the second prior conviction was for an offense committed after his first prior conviction became final as required by § 12.42(d). Pen packets and other evidence were offered to support the allegations of the prior convictions. Only the date of the commission of the second prior felony alleged was missing from the proof. This Court found the missing date made this a "no evidence" case, a violation of due process, cited *Murchison* and set aside the entire conviction. See *Hickman v. State,* 548 S.W.2d 736 (Tex.Cr.App.1977). Here again this was merely a collateral attack upon the insufficiency of the evidence. The record was not totally devoid of evidentiary support of the allegations.

*Ex parte Benavidez,* 696 S.W.2d 582 (Tex.Cr.App.1985), reached the same erroneous results as *Barfield* based on the same contention.

In the earlier case of *Ex parte Ash,* 514 S.W.2d 762 (Tex.Cr.App.1974), the contention presented was the same as in *Barfield* and *Benavidez* in a post-conviction habeas corpus proceeding. There the Court considered the same as a collateral attack upon the sufficiency of the evidence and rejected the same citing the general rule set forth in *Taylor v. State,* 480 S.W.2d 692 (Tex.Cr.App.1972). Only *Barfield* questioned *Ash* and then only in a footnote. It is clear that *Ash* is at odds with *Barfield, Barfield* and *Murchison.*

*French v. Estelle,* 692 F.2d 1021 (5th Cir.1982), amended 696 F.2d 318 (5th Cir. 1983), involved the same chronology of the commission of the prior felonies contention as in *Ash, Barfield* and *Benavidez.* The decision there granting relief came after *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and was based on insufficient evidence for the jury to have found the proper chronology of prior convictions, not on the basis of "no evidence." Nevertheless, *French* was cited in *Barfield* for its "no evidence" conclusion.

It is here important to observe that in deciding these "no evidence" cases little attention was given to the plea of the de-

fendants. From the opinions and an examination of the original records it appears that in *Ash, Barfield, Benavidez, Murchison* and *French*[2] all involved pleas of not guilty and pleas of "not true" before a jury to the enhancement of punishment allegations. *Moffett, Wolfe* and *Dantzler* involved pleas of guilty before the court.

*French* applied the rationality test of *Jackson* to the plea of not guilty and plea of "not true" to the enhancement allegations. It reached the same result as *Barfield* and *Benavidez* but on a different basis.

We now turn to the impact, if any, of the opinion of the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), upon the opinions by this Court which have traditionally held that the sufficiency of the evidence to sustain a conviction may not be challenged by post-conviction collateral attack by habeas corpus.

For many years federal courts long declined to review the sufficiency of the evidence supporting state criminal convictions on the basis that such questions did not raise a federal constitutional question. See, e.g., *Whitney v. California*, 274 U.S. 357, 367, 47 S.Ct. 641, 645, 71 L.Ed. 357 (1927); *Sinclair v. Turner*, 447 F.2d 1158, 1161 (10th Cir.1971), *cert. den.* 405 U.S. 1048, 92 S.Ct. 1329, 31 L.Ed.2d 590 (1972); *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir.1960), *cert. den.* 362 U.S. 917, 80 S.Ct. 670, 4 L.Ed.2d 738 (1960); *United States ex rel. Brogan v. Martin*, 238 F.2d 236, 237 (3rd Cir.), *cert. den.* 351 U.S. 928, 76 S.Ct. 785, 100 L.Ed. 1457 (1956). See 28 U.S.C., § 1257 (1976), and 28 U.S.C., § 2254 (1976).

In *Thompson v. City of Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), the United States Supreme Court carved a narrow exception from the above stated rule, holding that a conviction based upon *no* evidence violated due process of law. *Thompson* made clear that it had not endorsed federal review of the sufficiency of the evidence, but only federal review for a total absence of evidence. Following the advent of *Thompson*, federal courts reviewed state criminal trial records but only to determine if there was at least some evidence to support the judgments. See, e.g., *Brooks v. Rose*, 520 F.2d 775 (6th Cir.1975); *Cunha v. Brewer*, 511 F.2d 894 (8th Cir.1975); *Johnson v. Maryland*, 425 F.Supp. 538 (D.Md.1976).

However, in *Jackson v. Virginia*, supra, the United States Supreme Court broke sharply with this established precedent. Relying upon its earlier decision in *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), which found that due process requires the prosecution to prove every element of a criminal offense beyond a reasonable doubt, the court held that in a challenge to a state conviction brought under habeas corpus statute, which requires federal courts to entertain a state prisoner's claim that he is being held in custody in violation of the Constitution or laws of the United States, the applicant is entitled to federal habeas corpus relief if it is found that upon the evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.

The Court thus established the standard to be applied in a *federal* habeas corpus proceeding when the claim is made that a person has been convicted in a state court upon insufficient evidence. That standard is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]

---

**2.** *French v. State*, 592 S.W.2d 638 (Tex.Cr.App. 1980) (Table of Cases affirmed).

**3.** The implications of *Jackson* are not limited to the habeas corpus context. After *Jackson*, federal and state courts assessing the evidence either at the trial level or on direct review will presumably be obligated to apply the "rationality" test. This Court has applied the test on direct appeals in both direct and circumstantial evidence cases. See *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App.1983) (opinion on State's Motion for Rehearing); *Bradley v. State*, 691 S.W.2d 699, 703 (Tex.Cr.App.1985). See also *Houston v. State*, 663 S.W.2d 455 (Tex.Cr.App. 1984); *Jackson v. State*, 672 S.W.2d 801 (Tex.Cr.

It is to be observed that Jackson was convicted in a bench trial in a Virginia state court upon his plea of *not guilty,* thus placing upon the state prosecution the burden of proof as required by *In re Winship,* supra.

*Jackson* and *Winship* are only applicable where the federal constitution places the burden on the prosecution to establish guilt beyond a reasonable doubt. Neither case is applicable where a defendant knowingly, intelligently and voluntarily enters a plea of guilty or nolo contendere. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In *Boykin* the Court made clear that a guilty plea is more far-reaching than a confession admitting that a defendant performed certain deeds. It is a conviction with nothing remaining but for the court to determine punishment and render judgment. *Boykin,* 395 U.S. at 242, 89 S.Ct. at 1711–1712; *Machibrada v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 479 (1962); *United States v. Robertson,* 698 F.2d 703 (5th Cir.1983); Wharton's Criminal Procedure, 12th Ed. (Tureca), Vol. 2, § 339, p. 224.

In *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed.2d 1009 (1927), it was written:

"A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury, it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." See also *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The entry of a valid plea of guilty has the effect of admitting all material facts alleged in the formal criminal charge. *United States v. Bendicks,* 449 F.2d 313 (5th Cir.1971); *Brazzell v. Adams,* 493 F.2d 489 (5th Cir.1974). See also *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Moore v. United States,* 425 F.2d 1290 (5th Cir.1970), *cert.*

*den.* 400 U.S. 846, 91 S.Ct. 91, 27 L.Ed.2d 83. A plea of guilty waives all nonjurisdictional defenses including contention as to the insufficiency of the evidence. *Mapson v. Cox,* 313 F.Supp. 465 (D.C.Va.1970).

If the court is satisfied a factual basis exists for the guilty plea, a federal court may enter judgment upon that plea. Fed. Rules Cr.Pro., Rule 11(f); *United States v. Oberski,* 734 F.2d 1030 (5th Cir.1984). See also American Bar Association Standards for Criminal Justice, 2nd Ed., Standards Relating to Pleas of Guilty, Chapter 14, § 1.6.

It is clear then there is no federal constitutional requirement that evidence of guilt must be offered to corroborate a guilty plea in a state criminal prosecution, and that the "rationality" test of *Jackson* has no application thereto.

After the decision in *Jackson,* in *Baker v. Estelle,* 715 F.2d 1031 (5th Cir.1983), a Texas state prisoner attacked his 1965 robbery conviction claiming that one of the prior felony convictions was void because the State failed to adduce any evidence in addition to his guilty plea as required by Article 12, V.A.C.C.P. (1925) (the forerunner of Article 1.15, supra). He claimed the trial court was without jurisdiction because no evidence was adduced. The Fifth Circuit Court of Appeals noted that under Texas jurisprudence the plea of guilty is not subject to post-conviction attack as to the sufficiency of evidence to support the plea citing *Ex parte Lyles,* 168 Tex.Cr.R. 145, 323 S.W.2d 950 (1959); *Ex parte Keener,* 166 Tex.Cr.R. 326, 314 S.W.2d 93 (1958). Thereafter the Court wrote:

"... Whatever the post-conviction consequences under Texas state law of a contention that the state failed (despite a minute entry to this effect) to produce evidence to support a plea of guilty, we do not read these decisions as holding that the state court's acceptance of the plea, although erroneous, raised an issue

App.1984); *O'Keefe v. State,* 687 S.W.2d 345, 349 (Tex.Cr.App.1984); *Dickey v. State,* 693 S.W.2d 386 (Tex.Cr.App.1984); *Van Guilder v. State,* —

S.W.2d —— (Tex.Cr.App. 85). See also *Parker v. Procunier,* 763 F.2d 665 (5th Cir.1985).

of such total want of jurisdiction as to make the conviction void rather than voidable.

"No federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea. In this circuit, we have specifically held that the petitioner in a habeas corpus proceeding is not deprived of any federally protected right by a conviction upon a plea of guilty obtained without compliance with the Texas statute. *Hendrick v. Beto,* 360 F.2d 618 (5th Cir.1966), *aff'd* 253 F.Supp. 994 (S.D.Tex.1965). Because the right to corroboration of a plea of guilty is not essential to a fair trial in a federal due-process sense, the failure to comply with the state criminal procedure in this regard does not raise a federal constitutional claim that justifies habeas corpus relief under 28 U.S.C. § 2254. *Hendrick, supra,* 253 F.Supp. at 995.

"Therefore, we find no merit to Baker's claim that his 1965 burglary conviction was void because the state court was without jurisdiction to entertain the 1965 plea of guilty."

See also *Williams v. Estelle,* 681 F.2d 946 (5th Cir.1982).

 For all the foregoing reasons we do not conclude that *Jackson* and *Winship* have any impact upon the guilty pleas entered by the applicant before the court in the instant case, nor does *Jackson* affect our longstanding state rule that an applicant may not collaterally attack the sufficiency of the evidence to support a felony conviction based upon a plea of guilty before the court such as the instant case. The general rule is still alive and well as to such guilty and nolo contendere pleas.

We do not reach the question of the impact of *Jackson* upon collateral attacks upon the sufficiency of the evidence to support the conviction where the plea was "not guilty" and the burden of proof is upon the prosecution beyond a reasonable doubt. Nevertheless, see *French v. Estelle,* supra; *Parker v. Procunier,* 763 F.2d 665 (5th Cir.1985). See also footnote and cases there cited.

In the instant case applicant Williams does not claim his pleas of guilty to the five counts of aggravated robbery were not intelligently and voluntarily made, nor does he assert his innocence of any of the charges or that he was misled by counsel or the court. He only belatedly asserts the record now after the court reporter's notes have been destroyed that there was insufficient evidence to satisfy Article 1.15, V.A. C.C.P. There was no attempt to withdraw the pleas of guilty, no motion for new trial and no appeal. In view of his guilty pleas the general rule still prevails. He cannot collaterally attack the sufficiency of the evidence.

The relief prayed for is denied.

CLINTON, J., dissents.