Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





CLAUDE WASHINGTON III

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00039-CR

Appeal from the

Criminal District Court No. 3
of Dallas County, Texas 

(TC# F-0272853-J)



 

 

 




O P I N I O N

            Claude Washington III appeals his conviction of aggravated sexual assault of a child under
fourteen years of age. Appellant waived his right to a jury and entered a plea of no contest


 but he
did not stipulate to the evidence. Consequently, the State was required to introduce evidence into
the record showing Appellant’s guilt. See Tex.Code Crim.Proc.Ann. art. 1.15 (Vernon 2005). At
the conclusion of the plea hearing, the trial court judge found that the evidence supported a finding
of guilt, but the judge did not immediately find Appellant guilty because he wished to first obtain
a pre-sentence report. After a pre-sentence report had been completed, the court conducted a
sentencing hearing. The court found Appellant guilty and assessed Appellant’s punishment at
imprisonment for five years. We modify the judgment to reflect that Appellant entered a plea of no
contest. The judgment, as modified, is affirmed.
SUFFICIENCY OF THE EVIDENCE
            In a single issue, Appellant contests the factual sufficiency of the evidence to support the
finding of guilt. The State responds that Appellant is not entitled to a factual sufficiency review
given that he entered a plea of no contest. We agree.
            The appellate standards of review announced in Jackson v. Virginia


 and Clewis v. State


 are
not applicable in a felony case where the defendant enters a plea of nolo contendere or guilty. Ex
parte Martin, 747 S.W.2d 789, 791 (Tex.Crim.App. 1988); Ex parte Williams, 703 S.W.2d 674, 682
(Tex.Crim.App. 1986). These standards are applicable only where the federal constitution places
the burden on the prosecution to establish guilt beyond a reasonable doubt. See Williams, 703
S.W.2d at 682. When a defendant waives his right to a jury trial and pleads nolo contendere, the
State must introduce evidence to support the judgment based on the defendant’s plea of guilty or no
contest. Tex.Code Crim.Proc.Ann. art. 1.15 (Vernon 2005). Under Article 1.15, the evidence is
sufficient to support a plea of nolo contendere if the evidence embraces every essential element of
the offense charged. See Stone v. State, 919 S.W.2d 424, 427 (Tex.Crim.App. 1996). We will
review the evidence under this standard.
            The indictment alleged that Appellant intentionally and knowingly penetrated the
complainant’s female sexual organ with his penis and that the complainant was younger than
fourteen years of age. The complainant testified that when she was eleven years of age, she was
visiting at the home of a friend, Shaquayla Washington. Shaquayla lived with her grandmother,
Mary Washington, and Appellant. The complainant called Appellant “Three” because that is what
everyone in the neighborhood called him. The complainant went into Appellant’s room and
Appellant came out of the bathroom with a towel wrapped around him. He locked the door and
pushed the complainant back onto the bed. Appellant pulled her underwear aside and put his penis
in her vagina for about five minutes, but he stopped when Shaquayla and another cousin knocked
on the door. Appellant told a police officer who interviewed him about the incident that the
complainant had “come on to him” and that it was her idea. Appellant admitted to the officer that
Appellant had penetrated the complainant’s vagina with his penis. At the trial, however, Appellant
denied engaging in sexual intercourse with the complainant and said that he told the officer that he
did not do it. In announcing his initial finding, the trial court judge noted that the complainant’s
story had some inconsistencies, but the judge gave particular weight to Appellant’s admissions to
the police officer. We conclude that the evidence is sufficient to support Appellant’s plea of no
contest and the trial court’s finding of guilt. We overrule Issue One and affirm the judgment as
modified.
 
                                                                        ANN CRAWFORD McCLURE, Justice

September 14, 2006

Before Barajas, C.J., McClure, and Chew, JJ.
Barajas, C.J., not participating

(Do Not Publish)