NO. 07-07-0127-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 25, 2007


______________________________



JERRY WAYNE HILL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE CRIMINAL DISTRICT COURT NO. ONE OF TARRANT COUNTY;



NO. 1007370D; HONORABLE SHAREN WILSON, JUDGE


_______________________________




Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ON ABATEMENT AND REMAND


 Appellant, Jerry Wayne Hill, appeals from his conviction for driving while intoxicated,
enhanced to a felony, and sentence of two years incarceration in the Institutional Division
of the Texas Department of Criminal Justice. The appellate record was due in this case
by June 26, 2007. The clerk's record was filed on June 27, 2007. Neither the reporter's
record nor a motion for extension of time to file the reporter's record was filed with this
court by June 26, 2007. On July 5, 2007, this court directed the court reporter by letter "to
advise the Court of the status of the reporter's record on or before Monday, July 16, 2007." 
To date, no response has been received by the court.

 Accordingly, we abate this appeal and remand the cause to the Criminal District
Court Number One of Tarrant County (trial court) for further proceedings. Upon remand,
the trial court shall immediately cause notice of a hearing to be given and, thereafter,
conduct a hearing to determine the following:

1. why the reporter's record has not been filed,

2. when the reporter's record can reasonably be filed in a manner that
does not further delay the prosecution of this appeal or have the
practical effect of depriving the appellant of his right to appeal, and

3. whether an alternate or substitute reporter should or can be appointed
to complete the record in a timely manner.


 The trial court shall cause the hearing to be transcribed. In addition, the trial court
shall (1) execute findings of fact and conclusions of law addressing the foregoing issues,
(2) cause a supplemental clerk's record to be developed containing its findings of fact and
conclusions of law and all orders it may issue as a result of its hearing in this matter, and
(3) cause a reporter's record to be developed transcribing the evidence and arguments
presented at the aforementioned hearing, if any. The trial court shall then file the
supplemental clerk's record and any reporter's record transcribing the hearing with the
clerk of this court on or before August 24, 2007. Should further time be needed by the trial
court to perform these tasks, then same must be requested before August 24, 2007.

 It is so ordered.

 Per Curiam



3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00323-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
19, 2010

 



 

ROCKY A. HILL, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-419,474; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

CONCURRING OPINION

 

The court construes Gomez to hold that the trial court had
no duty sua sponte to
order a psychiatric examination to determine the defendants sanity at the time
of the offense because the defendant failed to file the notice required by
statute of his intention to offer evidence on such a defense.   See
Gomez, 2001 Tex. App. Lexis 2094, at *9-*12 (citing Tex. Code Crim. Proc.
Ann. art. 46.03 § 2(a)(1) (Vernon 1979) (now art.
46C.052)).  While not inaccurate, the
courts description of Gomez and its
application to this case could leave the impression that the outcome here might
be different if counsel simply had filed the statutorily-required notice.  But such is not the case, as a broader
application of Gomez makes
clear.   As Gomez says, the defendant there neither filed the notice of
intention to offer evidence on an insanity defense, nor specifically alleged
she was insane.  Gomez, 2001 Tex. App. Lexis 2094, at
*10-*11.  The opinion goes on to
state that insanity was not an issue at [Gomezs] plea hearing or sentencing;
rather, [Gomez] submitted the affidavits [allegedly containing indications of
insanity] for the purpose of obtaining community supervision in lieu of
confinement.  Id. at *11.  

Similar statements can be made in
this case.  Although appellants
experienced trial counsel sought both competency and insanity examinations of
appellant, and both examinations were conducted, by the time of appellants
plea hearing, neither his competency to stand trial nor his sanity at the time
of the offenses was at issue.  Moreover,
as the court points out, the statutory consequence of a defendants failure to
give notice of intention to offer evidence on an insanity defense is that the
evidence is not admissible absent good cause for the lack of notice.  Tex. Code Crim. Proc. Ann.
art. 46C.052 (Vernon 2006).  Here, the trial court deferred a finding of
guilt until it heard the punishment evidence. 
Before the finding of guilt, without objection from the State, appellant
called four witnesses, including the psychologists who performed the competency
and insanity examinations.  He thoroughly
examined both experts.  So appellant
suffered no exclusion of evidence. 
Moreover, as I read it, his questioning of the psychologists was not
directed at showing an insanity defense (which, of course, would have been
inconsistent with his guilty plea in the first place, see Ex parte Williams, 703 S.W.2d 674, 682 (Tex.Crim.App.
1986) ([a] plea of guilty waives all nonjurisdictional
defenses . . .)), but at showing his need for treatment rather than merely a
long prison sentence.  In that effort,
appellant had some success, as his sentence was far short of the maximum
available to the trial court.

As I see it, appellant is like Gomez
in that insanity was not an issue at his plea hearing or his sentencing, and
his evidence of his mental condition was aimed at mitigating his punishment,
not asserting his insanity.  His ability
to accomplish that aim was not affected by his failure, vel non, to give notice of an intention to
assert insanity.  With these additional
comments, I join the opinion and judgment of the court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Publish.