Affirmed and
Opinion filed April 22, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00573-CR

____________

 

KEVIN RAY CHERRY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 1186055

 

 

 



M E M O R
A N D U M   O P I N I O N

After a guilty plea, appellant was convicted of the offense
of theft.  On June 19, 2009, the trial court sentenced appellant to confinement
for twenty years in the Institutional Division of the Texas Department of
Criminal Justice.  In his sole issue on appeal, appellant claims the evidence
was insufficient to support his conviction[1]. 


Over a two-year period, appellant diverted payments made to
his employer into his bank account.  There were seven such transfers and the
total amount was more than $330,000.  Appellant does not dispute the evidence
sufficiently establishes the seven transfers which cumulate to an amount of
more than $200,000.  Rather, appellant argues the State failed to prove the
theft was pursuant to one scheme and continuing course of conduct and therefore
did not establish theft in an amount of more than $200,000.

Citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979), appellant challenges the legal sufficiency of the
evidence to support his conviction.  However, the Jackson standard does
not apply when a defendant knowingly, intelligently and voluntarily enters a
plea of guilty.  See Ex Parte Williams, 703 S.W.2d 682-83 (Tex. Crim. App.
1986).  On appeal from a felony guilty plea to the court, our review is limited
to determining whether sufficient evidence supports the judgment under article
1.15 of the Code of Criminal Procedure.  Id. at 678; see also Tex.
Crim. Proc. Code Ann. art. 1.15 (Vernon 2005).

Under article 1.15, the State is required to introduce
sufficient evidence to support the judgment.  Tex. Crim. Proc. Code Ann. art.
1.15; see also Ex Parte Williams, 703 S.W.2d at 678.  In this
case, the record contains a "Waiver of Constitutional Rights, Agreement to
Stipulate, and Judicial Confession."  Appellant’s stipulation of guilt and
judicial confession admits to committing theft of property valued over $200,000
“pursuant to one scheme and continuing course of conduct.”  A judicial
confession will sustain a conviction upon a guilty plea even if the defendant
does nothing more than affirm the indictment’s allegations are true and
correct.  See Tabora v. State, 14 S.W.3d 332, 337-38 (Tex. App. -- Houston
[14th Dist.] 2000, no pet.).  Appellant’s judicial confession is sufficient
evidence to support the conviction.  See Keller v. State, 125 S.W.3d
600, 605 (Tex. App. – Houston [1st Dist.] 2003, pet. dism’d).

Accordingly, we overrule appellant’s issue and affirm the
trial court’s judgment.  

 

                                                            PER CURIAM

Panel
consists of Justices Brown, Sullivan, and Christopher.

Do not
publish - Tex. R. App. P.
47.2(b).









[1]
Although appellant’s brief presents two points of error, there is only one
issue argued, the legal sufficiency of the evidence to support the conviction.