NO. 07-09-00323-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 19, 2010

ROCKY A. HILL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-419,474; HONORABLE CECIL G. PURYEAR, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING OPINION**

The court construes *Gomez* to hold that the trial court had no duty *sua sponte* to order a psychiatric examination to determine the defendant's sanity at the time of the offense because the defendant failed to file the notice required by statute of his intention to offer evidence on such a defense. *See Gomez,* 2001 Tex. App. Lexis 2094, at *9-*12 (citing Tex. Code Crim. Proc. Ann. art. 46.03 § 2(a)(1) (Vernon 1979) (now art. 46C.052)). While not inaccurate, the court's description of *Gomez* and its application to this case could leave the impression that the outcome here might be different if counsel simply had filed the statutorily-required notice. But such is not the case, as a broader

application of *Gomez* makes clear. As *Gomez* says, the defendant there neither filed the notice of intention to offer evidence on an insanity defense, nor specifically alleged she was insane. *Gomez,* 2001 Tex. App. Lexis 2094, at \*10-\*11. The opinion goes on to state that "insanity was not an issue at [Gomez's] plea hearing or sentencing; rather, [Gomez] submitted the affidavits [allegedly containing indications of insanity] for the purpose of obtaining community supervision in lieu of confinement." *Id.* at \*11.

Similar statements can be made in this case. Although appellant's experienced trial counsel sought both competency and insanity examinations of appellant, and both examinations were conducted, by the time of appellant's plea hearing, neither his competency to stand trial nor his sanity at the time of the offenses was at issue. Moreover, as the court points out, the statutory consequence of a defendant's failure to give notice of intention to offer evidence on an insanity defense is that the evidence is not admissible absent good cause for the lack of notice. Tex. Code Crim. Proc. Ann. art. 46C.052 (Vernon 2006). Here, the trial court deferred a finding of guilt until it heard the punishment evidence. Before the finding of guilt, without objection from the State, appellant called four witnesses, including the psychologists who performed the competency and insanity examinations. He thoroughly examined both experts. So appellant suffered no exclusion of evidence. Moreover, as I read it, his questioning of the psychologists was not directed at showing an insanity defense (which, of course, would have been inconsistent with his guilty plea in the first place, *see Ex parte Williams,* 703 S.W.2d 674, 682 (Tex.Crim.App. 1986) ("[a] plea of guilty waives all nonjurisdictional defenses . . .")), but at showing his need for treatment rather than

2

merely a long prison sentence. In that effort, appellant had some success, as his sentence was far short of the maximum available to the trial court.

As I see it, appellant is like Gomez in that insanity was not an issue at his plea hearing or his sentencing, and his evidence of his mental condition was aimed at mitigating his punishment, not asserting his insanity. His ability to accomplish that aim was not affected by his failure, *vel non*, to give notice of an intention to assert insanity. With these additional comments, I join the opinion and judgment of the court.

James T. Campbell
Justice

Publish.