NO. 07-09-00323-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
19, 2010

 



 

ROCKY A. HILL, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-419,474; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

CONCURRING OPINION

 

The court construes Gomez to hold that the trial court had
no duty sua sponte to
order a psychiatric examination to determine the defendant’s sanity at the time
of the offense because the defendant failed to file the notice required by
statute of his intention to offer evidence on such a defense.   See
Gomez, 2001 Tex. App. Lexis 2094, at *9-*12 (citing Tex. Code Crim. Proc.
Ann. art. 46.03 § 2(a)(1) (Vernon 1979) (now art.
46C.052)).  While not inaccurate, the
court’s description of Gomez and its
application to this case could leave the impression that the outcome here might
be different if counsel simply had filed the statutorily-required notice.  But such is not the case, as a broader
application of Gomez makes
clear.   As Gomez says, the defendant there neither filed the notice of
intention to offer evidence on an insanity defense, nor specifically alleged
she was insane.  Gomez, 2001 Tex. App. Lexis 2094, at
*10-*11.  The opinion goes on to
state that “insanity was not an issue at [Gomez’s] plea hearing or sentencing;
rather, [Gomez] submitted the affidavits [allegedly containing indications of
insanity] for the purpose of obtaining community supervision in lieu of
confinement.”  Id. at *11.  

Similar statements can be made in
this case.  Although appellant’s
experienced trial counsel sought both competency and insanity examinations of
appellant, and both examinations were conducted, by the time of appellant’s
plea hearing, neither his competency to stand trial nor his sanity at the time
of the offenses was at issue.  Moreover,
as the court points out, the statutory consequence of a defendant’s failure to
give notice of intention to offer evidence on an insanity defense is that the
evidence is not admissible absent good cause for the lack of notice.  Tex. Code Crim. Proc. Ann.
art. 46C.052 (Vernon 2006).  Here, the trial court deferred a finding of
guilt until it heard the punishment evidence. 
Before the finding of guilt, without objection from the State, appellant
called four witnesses, including the psychologists who performed the competency
and insanity examinations.  He thoroughly
examined both experts.  So appellant
suffered no exclusion of evidence. 
Moreover, as I read it, his questioning of the psychologists was not
directed at showing an insanity defense (which, of course, would have been
inconsistent with his guilty plea in the first place, see Ex parte Williams, 703 S.W.2d 674, 682 (Tex.Crim.App.
1986) (“[a] plea of guilty waives all nonjurisdictional
defenses . . .”)), but at showing his need for treatment rather than merely a
long prison sentence.  In that effort,
appellant had some success, as his sentence was far short of the maximum
available to the trial court.

As I see it, appellant is like Gomez
in that insanity was not an issue at his plea hearing or his sentencing, and
his evidence of his mental condition was aimed at mitigating his punishment,
not asserting his insanity.  His ability
to accomplish that aim was not affected by his failure, vel non, to give notice of an intention to
assert insanity.  With these additional
comments, I join the opinion and judgment of the court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Publish.