IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,395-01, WR-78,395-02, AND WR-78,395-03






EX PARTE SCOTT ASH JAMES ZIRUS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. B09-490-1, B09-552-1, AND B09-553-1


IN THE 198TH DISTRICT COURT FROM KERR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency
with a child by contact, two counts of aggravated sexual assault of a child, and continuous sexual
abuse of a child. He was sentenced under plea agreements to twenty years in prison for the indecency
offense and forty years in prison for each of the remaining offenses. There were no direct appeals.

 Applicant alleges that his guilty pleas were not voluntary, that his trial counsel was
ineffective, that his guilty pleas were not supported by any evidence, and that the proceedings lacked
due process because of pretrial publicity. The applications were remanded for affidavits and findings,
which have been provided. Applicant then filed a supplemental writ application adding a civil
deposition transcript to support his IAC/suppression claim, and he adds a claim that he should
receive an out-of-time appeal of the denial of his pretrial motion to suppress.

 Both of Applicant's defense counsel have provided affidavits refuting the ineffective
assistance claims, and Applicant fails to controvert counsel's statements with any credible evidence
showing both deficient performance and resulting harm. See Strickland v. Washington, 466 U.S. 668,
687 (1984); Ex parte Maldonado, 688 S.W.2d 114 (Tex. Crim. App. 1985); Ex parte White, 160
S.W.3d 46 (Tex. Crim. App. 2004). This Court agrees with the trial court that both defense counsel
were not deficient as Applicant alleges. Applicant also fails to show that his confession to police was
unlawfully obtained and that it would have been suppressed if counsel had argued the suppression
issue differently, and the record shows that Applicant waived his right to appeal as part of his plea
agreement with the State, so there could be no appeal of the trial court's denial of the suppression
issues that were raised. See Pecina v. State, 361 S.W.3d 68 (Tex. Crim. App. 2012); Monreal v.
State, 99 S.W.3d 615 (Tex. Crim. App. 2003). 

 In all, Applicant fails to show that counsel was ineffective, that his guilty pleas were
involuntary, and that there was no evidence of his guilt. See Bordenkircher v. Hayes, 434 U.S. 357
(1978); Ex parte Morrow, 952 S.W.2d 530 (Tex. Crim. App. 1997); Ex parte Williams, 703 S.W.2d
674 (Tex. Crim. App. 1986). Further, Applicant's pretrial publicity claim was waived by his guilty
pleas, and even if the claim is properly raised in habeas review, Applicant fails to show that he could
not have obtained a fair trial in Kerr County had he pleaded not guilty or that he would not have been
found guilty after trial had the venue been changed to another county. See Young v. State, 8 S.W.3d
656 (Tex. Crim. App. 2000); Monreal v. State, 99 S.W.3d at 615; Ex parte Maldonado, 688 S.W.2d
at 114. After this Court's independent review of the entire writ record, relief is denied.

Filed: April 17, 2013

Do not publish