ACCEPTED
04-14-00879
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/28/2015 9:28:24 AM
KEITH HOTTLE
CLERK

## No. 04-14-00878-CR
## No. 04-14-00879-CR

In the

### Court of Appeals
for the
### Fourth District of Texas
at San Antonio

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

5/28/2015 9:28:24 AM

KEITH E. HOTTLE
Clerk

————————◆————————

## No. 2013CR10841W
## No. 2013CR10842W

In the 437th District Court
Bexar County, Texas

————————◆————————

## MATTHEW DOUGLAS HAYES
*Appellant*
V.
## THE STATE OF TEXAS
*Appellee*

————————◆————————

APPELLANT'S REPLY TO THE 4TH COURT OF APPEALS' ORDER
ISSUED ON MAY 22, 2015

————————◆————————

**MANDY MILLER**
Attorney for Matthew Douglas Hayes
State Bar No: 24055561
2910 Commercial Ctr. Blvd., Ste. 103-201
Katy, TX 77494
(832) 900-9884
Fax: (877) 904-6846
mandy@mandymillerlegal.com

**TO THE HONORABLE COURT OF APPEALS:**

Appellant was charged with four counts of aggravated robbery, all arising out of one criminal transaction. (RR I[1] 5, 6). On December 4, 2013, appellant pled guilty to two charges of aggravated robbery and submitted to a pre-sentence investigation (PSI). (RR I 5, 6, 8). An agreement was reached wherein appellant's sentence would not exceed ten years confinement. (CR I 10; CR II[2] 10; RR I 6). A hearing was held on January 28, 2014. (RR II). On September 9, 2014, appellant was sentenced to seven years confinement in the Institutional Division of the Texas Department of Criminal Justice. (RR III 8).

After being ordered to supplement the record, the trial court certified that appellant's plea was the result of an agreement with the state and that appellant had no right to appeal his convictions. This Court then issued an order directing appellant to show cause why his appeals should not be dismissed.

A defendant may waive his right to appeal, but his waiver will be knowingly and intelligently made only under circumstances in which, and to the extent that, he is aware of what has occurred in the trial proceedings; only then is he in a position to

---

[1] There are three reporter's records. The record from the plea proceeding will be referred to as RR I. The record from the pre-sentence investigation hearing will be referred to as RR II. Finally, the record from the sentencing hearing will be referred to as RR III. The records in both cause numbers are identical. Therefore, reference to one reporter's record is sufficient.

[2] There is one clerk's record in each cause number. They are, at this time, not identical. CR I refers to the clerk's record in cause number 2013CR10841W. CR II refers to the clerk's record in cause number 2013CR10842W.

2

know the nature of the claims he could have brought on appeal but for his waiver. *Ex parte Reedy*, 282 S.W.3d 492, 496-97 (Tex. Crim. App. 2009).

After appellant was sentenced, he filed timely motions for new trial alleging that, under Texas Penal Code article 1.15, the evidence did not support a finding that appellant used or exhibited a deadly weapon during the course of the robbery. (CR I 66-130; CR II 45-109). The motions were overruled by operation of law. (CR I 83; CR II 62). Appellant appealed the denial of the motions for new trial in briefs filed with this Court on March 20, 2015. Appellant's appeals raise the same issues addressed in the motions for new trial.

Appellant raises a specific legal argument that there was no evidence that he, or his co-defendants, used or exhibited a deadly weapon during the course of the robbery. This claim is corroborated by the fact that both of appellant's co-defendants were allowed to plea to the reduced charge of robbery. There is nothing in the record to suggest that either of the men were any less culpable that appellant.

Appellant's claims raise a fairly complex and fact-specific legal issue that appellant could not have anticipated at the time he pled to the offense and purportedly waived his right of appeal. This is especially true if appellant received deficient or incorrect counsel during the time of his plea. Thus, even if appellant waived his right of appeal, such waiver was not knowingly or intelligently waived.

Furthermore, the Court of Criminal Appeals has recognized that a defendant's waiver of appeal does not waive the right to file a motion for new trial. *See Lundgren v.*

3

*State,* 434 S.W.3d 594, 600 (Tex. Crim. App. 2014) ("[W]e hold that motions for new trial and appeals are sufficiently different that an appellate waiver will not waive a defendant's right to file a motion for new trial."). The sufficiency of evidence to support a judgment of conviction based on a guilty plea in a felony case may be challenged on appeal under article 1.15. *Ex parte Williams,* 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). However, such a challenge cannot be raised by collateral attack through habeas corpus. *Id.* And it has been frequently held that the writ of habeas corpus cannot be used as substitute for or to usurp the function of an appeal. *Ex parte Powell,* 558 S.W.2d 480 (Tex. Cr. App. 1977); *Ex parte McGowen,* 645 S.W.2d 286 (Tex. Cr. App. 1983).

Since appellant raises questions regarding the sufficiency of the evidence, he has no other remedy at law other than motions for new trial and appellate review of the denial of the motions. To deny him this right is not only contradictory to established case law, but denies him due process and due course of law under the United States and Texas constitutions.

**/s/MANDY MILLER**

**MANDY MILLER**
Attorney for Matthew Douglas Hayes
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
SBN 24055561
(832) 900-9884
FAX (877) 904-6846
mandy@mandymillerlegal.com

## CERTIFICATE OF SERVICE

Appellant has served a copy of the foregoing instrument to counsel for the

State of Texas at the following address:

Amanda Byrd
Amanda.Byrd@bexar.org
Bexar County District Attorney's Office

/s/**MANDY MILLER**
**MANDY MILLER**
Attorney for Matthew Douglas Hayes
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
SBN 24055561
(832) 900-9884
FAX (877) 904-6846
mandy@mandymillerlegal.com

Date: May 27, 2015