James Howard TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 53362.

Court of Criminal Appeals of Texas.

May 18, 1977.

Nicholas P. Cariotis, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Phil Dixon and James G. Walker, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of heroin. After the jury returned a verdict of guilty, the court found that the allegations in the second and third paragraphs of the indictment charging that appellant had been previously convicted of two felony offenses were true. Pursuant to such findings, punishment was assessed at life.

■ At the outset, appellant contends that the court erred "in admitting into evidence the fruits of the search of appellant's automobile, as there was insufficient probable cause to justify the warrantless search of the automobile, in violation of the Fourth Amendment to the United States Constitution."

The record reflects that Dallas Police Officers Westphalen and Spivey, while on routine patrol at 1:10 a. m. on January 26, 1975, stopped a vehicle appellant was driving in the 3200 block of South Oakland. The officers testified that the reason for stopping appellant was that "he was driving forty-two miles per hour in a thirty mile an hour zone." Appellant was the only occupant of the vehicle.

Spivey approached appellant's vehicle from the driver's side and Westphalen went to the right side of the car where "I could see him in case he reached for a weapon." The testimony of Westphalen reflects that the following then occurred:

"Officer Spivey asked him to step out of the car and give him his driver's license. He opened the car door and when he opened the door the interior lights came on and I saw the driver of the car drop a matchbox to the floorboard in front of his seat.

\*     \*     \*     \*     \*     \*

"I told Officer Spivey to go ahead and move him to the rear of the car while I looked to see what was in the matchbox and looked for weapons."

Westphalen recovered the matchbox appellant had dropped to the floor and upon opening same found four capsules containing a substance determined to be heroin and a number of empty capsules. Further search of the car revealed a syringe with a liquid residue inside it.

Appellant concedes that the officers had a right to stop his vehicle for a speeding violation. See *Duff v. State,* Tex.Cr.App.,

546 S.W.2d 283, and cases cited therein. He argues that there was not probable cause for the search of the vehicle following the traffic arrest which resulted in the seizure of the contraband.

Appellant urges that he was not in a position to lunge for a weapon in his car since he had moved to the back of the car and neither officer expressed any fear or apprehension that appellant was armed or dangerous. Argument is further advanced that the "furtive gesture" of dropping the matchbox to the floor does not furnish probable cause for the search of the vehicle.

The State responds that appellant was in a position to lunge for weapons when the officer began his search and asked his partner to move appellant to the rear of the vehicle.

We conclude that the lawfulness of the search is not dependent upon a determination of whether the search was reasonably necessary to protect the officers from bodily injury during their detention of appellant for the traffic offense.

In *Beck v. State,* Tex.Cr.App., 547 S.W.2d 266, cited by appellant, the gesture observed by the officers was nothing more than a movement by the defendant toward the glove compartment of his truck. In *Wilson v. State,* Tex.Cr.App., 511 S.W.2d 531, also relied on by appellant, the only movement the officers observed defendant make was "a move with his right hand between the two seats" of the vehicle. In *Brown v. State,* 481 S.W.2d 106, this Court held that there was not probable cause to search a vehicle because the occupants in the back seat of the automobile moved their shoulders before the car was brought to a stop. The gestures made by defendants in *Beck, Wilson* and *Brown* were not sufficient in themselves to warrant a man of reasonable caution in the belief that contraband was being transported in the vehicle under observation. *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. The gestures observed in the foregoing cases could amount to nothing more than innocent movements of the operators and pas-

sengers of any vehicle. See *Wilson v. State,* supra.

In the instant case, appellant dropped a matchbox to the floor of his vehicle when he was asked by the officer to exit same during the early morning hours of January 26, 1975. Officer Westphalen was in a place he had a right to be when he observed such conduct on part of the appellant in plain view. We conclude that the dropping of the box by appellant under the circumstances herein could warrant a man of reasonable caution in believing that the box contained contraband that appellant wanted to conceal from the officers when he was asked to exit his vehicle. We find there was probable cause for the intrusion into the vehicle to seize the box and, upon opening same and discovering the capsules therein, the officer was justified in making further search of the vehicle for contraband.

■ Appellant contends that error resulted in the State failing "to show that the second previous felony conviction was for an offense that occurred subsequent to the first previous conviction having become final as required by V.T.C.A. Penal Code Section 12.42(d)."

The pertinent portions of the enhancement paragraphs of the indictment allege that appellant was convicted on February 18, 1970, in Criminal District Court No. 5 of Dallas County in Cause No. C–70–61–KL for the offense of burglary and on June 19, 1964, in Criminal District Court No. 3 of Dallas County in Cause No. D–3917–IJ for the offense of robbery.

The pen packets admitted into evidence contain judgments and sentences which reflect that convictions occurred in the two numbered causes on the days alleged in the indictment. The judgment in the most recent prior conviction, Cause No. C–70–61–KL, contains a finding, ". . . That the said Defendant is guilty of the felony offense of Burglary as charged in the indictment and that the said Defendant committed said offense on the *23rd day of November 1969.* . . ." (Emphasis supplied.)

Unlike *Wiggins v. State*, Tex.Cr.App., 539 S.W.2d 142, relied on by appellant, the judgment in the most recent prior conviction contains an express finding that appellant committed the offense upon which the conviction was based on a day certain, "the 23rd day of November 1969," a time which is clearly after the first previous conviction became final. No error is shown.

The judgment is affirmed.

Opinion approved by the Court.