Michael M. Phillips, Buddy Stevens, Angleton, for appellant.

Jim Mapel, Dist. Atty., and Jim Turner, Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty., Austin, for the State.

### ORDER

PER CURIAM.

Appellant was convicted by a jury of the offense of sexual abuse of a child. On appeal, a panel majority of the Houston [14th] Court of Appeals held, *inter alia,* that it was not reversible error to require appellant to demonstrate on an anatomically correct doll how he had placed his mouth

Ex parte Felix Garcia BENAVIDEZ, Jr.

No. 69399.

Court of Criminal Appeals of Texas.

Sept. 25, 1985.

Lee C. Clyburn, Austin, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

Applicant filed this application for a post conviction writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P. No orders or answers were filed by the convicting court or the State and the application was forwarded to this Court pursuant to Art. 11.07, Sec. 2(c).

On December 18, 1980, a jury convicted applicant of burglary and found that he had been twice previously convicted of felonies. In accord with V.T.C.A., Penal Code, Sec. 12.42(d), the court assessed punishment at life imprisonment. The Austin Court of Appeals, Third Supreme Judicial District, affirmed the conviction on June 23, 1982, in an unpublished opinion and this Court refused applicant's petition for discretionary review.

Applicant raises several contentions in his application. We will address only his claim that no evidence was introduced at his trial to prove that his second prior felony conviction was for an offense committed after his first prior felony conviction became final, as required by Sec. 12.42(d), supra. *Hickman v. State*, 548 S.W.2d 736 (Tex.Cr.App.1977), see *Ex Parte Murchison*, 560 S.W.2d 654 (Tex.Cr.App.1978); *French v. Estelle*, 692 F.2d 1021, 1024, n. 6 (5th Cir.1982).

At the punishment phase of the trial, the trial judge entered pleas for applicant of "not true" to the enhancement allegations.[1] The State introduced two "pen packets" to prove the prior convictions. One of these packets contains the judgment and sentence from McCulloch County in Cause No. 2754, the earliest of the two priors alleged. The judgment, dated December 20, 1966, contains the date this earliest offense was committed. The second packet also contains a judgment and sentence from McCulloch County. They show applicant was convicted upon his plea of guilty in Cause No. 2851–A on February 19, 1973. However, unlike the judgment for the first prior, this judgment does not recite the date the offense was committed, nor does the packet contain a copy of the indictment showing the date of the commission of the offense. Cf. *Espinosa v. State*, 463 S.W.2d 8 (Tex.Cr.App.1971). The record does not show when the offense in Cause No. 2851–A, the second prior felony, was committed. Thus, there is no evidence showing that the second prior felony was committed after the first prior conviction became final. *Wiggins v. State*, 539 S.W.2d 142 (Tex.Cr.App.1976).

*Ex Parte Girnus*, 640 S.W.2d 619 (Tex.Cr.App.1982), wherein the statute of limitations was used to prove that the second prior was committed after the first prior became final, is inapplicable to the instant case because, unlike *Ex Parte Girnus*, where an indictment was included, nothing in the record of the instant case indicates the date of the commission of the second prior felony. See *Turner v. State*, 550 S.W.2d 686 (Tex.Cr.App.1977).

Because the case was tried to a jury at the guilt-innocence stage and at the punishment stage, applicant is entitled to a new trial on the issue of guilt as well as punishment. *Ex parte Augusta*, 639 S.W.2d 481 (Tex.Cr.App.1982); *Hickman*, supra.

The judgment of conviction in Cause No. 3194–A in the 198th District Court of McCulloch County is ordered set aside and applicant is remanded to the custody of the sheriff of McCulloch County to answer the indictment in this cause. A copy of this opinion will be forwarded by the Clerk of

---

1. Applicant voluntarily absented himself from the trial after the jury found him guilty.

this Court to the Texas Department of Corrections.[2]

---

**2.** Although we do not decide the issue, in the event of retrial we note that applicant alleges error in the indictment because the enhancement allegation does not state that the second prior felony was committed subsequent to the conviction for the first prior felony having become final.