TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00276-CR







James Alan Davenport, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. 4922, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant James Alan Davenport guilty of delivering more than four
ounces but less than five pounds of marihuana, a state jail felony. See Tex. Health & Safety Code
Ann. § 481.120(a), (b)(3) (West 2003). After finding that appellant had two previous felony
convictions, the jury assessed his punishment at twenty years' imprisonment. See Tex. Penal Code
Ann. § 12.42(a)(2) (West Supp. 2007). In his only point of error, appellant contends that the State's
evidence was legally insufficient with regard to the previous convictions used to enhance
punishment. We sustain the point of error, reverse the district court's judgment, and remand the
cause for a new punishment hearing.

To enhance punishment, the indictment alleged that appellant had been convicted on
June 30, 1994, in the Superior Court of Floyd County, Indiana, cause number 22D01-9309-CF-146,
for criminal deviate conduct, and on June 27, 1985, in the Circuit Court of Washington County,
Indiana, cause number 85-CR-34, for escape. To prove these allegations, the State introduced an
exhibit containing certified copies of Indiana court records. The exhibit contains: (1) an abstract
of judgment in cause number 85-CR-34 showing that on June 27, 1985, appellant was sentenced
to two years in prison with 129 days of confinement credit; (2) a certificate of final discharge
showing that he completed his sentence in cause number 85-CR-34 on February 13, 1987; and (3)
an abstract of judgment in cause number 22D01-9309-CF-146 showing that on June 30, 1994,
appellant was sentenced to ten years in prison, seven of which were suspended, with 274 days of
confinement credit. (1)

Under section 12.42(a)(2), the State was required to prove that the offense for which
appellant was convicted in 1994 was committed after the 1985 conviction became final. Id. There
is nothing in the record to indicate that appellant appealed his 1985 escape conviction, and we may
presume that the conviction was final as of the date of sentencing. Johnson v. State, 784 S.W.2d
413, 414 (Tex. Crim. App. 1990). However, the 1994 abstract of judgment does not state when the
deviate conduct offense for which appellant was convicted in that cause was committed, nor is there
any other evidence showing the date of that offense. Appellant, therefore, argues that the State failed
to prove the necessary sequence of convictions and offenses required for habitual offender
enhancement.

The State responds, without citation of authority, that because appellant was given
274 days of time credit, the jury could infer that the offense for which he was convicted in cause
number 22D01-9309-CF-146 was committed 274 days before he was sentenced, which would be
long after the conviction in cause number 85-CR-34 became final. But the time credit merely shows
that appellant was in custody for 274 days before he was sentenced. There is no evidence from
which the jury could rationally conclude that appellant was taken into custody on the day the offense
was committed, or that the 274 days of custody immediately preceded the date of sentencing.

The State further argues that "the jury might decide that the length of time between
the judgments was proof that the second prior offense was committed after the first prior conviction
became final." In other words, the State asserts that because there was a nine-year gap between
appellant's two Indiana convictions, the jury could infer that the offense for which he was convicted
in 1994 was committed after the 1985 conviction became final. Once again, the State does not cite
authority for this assertion.

The time between the two previous convictions might serve to prove the necessary
sequence of events had the State introduced a file-marked copy of the indictment in cause number
22D01-9309-CF-146 or otherwise proved when the indictment in that cause was filed. If the
evidence showed that the time between appellant's conviction in cause number 85-CR-34 and the
filing of the indictment in cause number 22D01-9309-CF-146 exceeded the limitations period
applicable to the offense in the latter cause, it could be inferred that the later offense was committed
after the earlier conviction became final. See Ex parte Girnus, 640 S.W.2d 619, 621 (Tex. Crim.
App. 1982). (2) But the statute of limitations cannot be employed without knowing when the
indictment in cause number 22D01-9309-CF-146 was filed. Ex parte Benavidez, 696 S.W.2d 582,
583 (Tex. Crim. App. 1985). Moreover, the trial court's jury charge did not include the necessary
instructions regarding the statute of limitations. See Ex parte Klasing, 738 S.W.2d 648, 650
(Tex. Crim. App. 1987).

The State failed to prove that the offense for which appellant was convicted in cause
number 22D01-9309-CF-146 was committed after the conviction in cause number 85-CR-34 became
final. See Benavidez, 696 S.W.2d at 583. Because the error relates only to the punishment assessed,
we affirm the district court's judgment as to the finding of guilt, reverse that part of the judgment
imposing sentence, and remand the cause for a new trial on punishment. See Tex. Code Crim. Proc.
Ann. art. 44.29(b) (West Supp. 2007).



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed in part; Reversed and Remanded in part

Filed: February 27, 2008

Do Not Publish
1. The exhibit also contained physical description and fingerprint cards relating to both
convictions. Appellant's identity as the person convicted is not at issue.
2. Girnus and the other opinions cited in this paragraph involve the habitual offender
provision found in penal code section 12.42(d). Tex. Penal Code Ann. § 12.42(d) (West Supp.
2007). Section 12.42(a)(2) and section 12.42(d) are substantially identical except that the former
applies in prosecutions for state jail felonies while the latter applies in prosecutions for all other
felonies.