# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00276-CR

**James Alan Davenport, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
### NO. 4922, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant James Alan Davenport guilty of delivering more than four ounces but less than five pounds of marihuana, a state jail felony. *See* Tex. Health & Safety Code Ann. § 481.120(a), (b)(3) (West 2003). After finding that appellant had two previous felony convictions, the jury assessed his punishment at twenty years' imprisonment. *See* Tex. Penal Code Ann. § 12.42(a)(2) (West Supp. 2007). In his only point of error, appellant contends that the State's evidence was legally insufficient with regard to the previous convictions used to enhance punishment. We sustain the point of error, reverse the district court's judgment, and remand the cause for a new punishment hearing.

To enhance punishment, the indictment alleged that appellant had been convicted on June 30, 1994, in the Superior Court of Floyd County, Indiana, cause number 22D01-9309-CF-146, for criminal deviate conduct, and on June 27, 1985, in the Circuit Court of Washington County,

Indiana, cause number 85-CR-34, for escape. To prove these allegations, the State introduced an exhibit containing certified copies of Indiana court records. The exhibit contains: (1) an abstract of judgment in cause number 85-CR-34 showing that on June 27, 1985, appellant was sentenced to two years in prison with 129 days of confinement credit; (2) a certificate of final discharge showing that he completed his sentence in cause number 85-CR-34 on February 13, 1987; and (3) an abstract of judgment in cause number 22D01-9309-CF-146 showing that on June 30, 1994, appellant was sentenced to ten years in prison, seven of which were suspended, with 274 days of confinement credit.[1]

Under section 12.42(a)(2), the State was required to prove that the offense for which appellant was convicted in 1994 was committed after the 1985 conviction became final. *Id*. There is nothing in the record to indicate that appellant appealed his 1985 escape conviction, and we may presume that the conviction was final as of the date of sentencing. *Johnson v. State*, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990). However, the 1994 abstract of judgment does not state when the deviate conduct offense for which appellant was convicted in that cause was committed, nor is there any other evidence showing the date of that offense. Appellant, therefore, argues that the State failed to prove the necessary sequence of convictions and offenses required for habitual offender enhancement.

The State responds, without citation of authority, that because appellant was given 274 days of time credit, the jury could infer that the offense for which he was convicted in cause number 22D01-9309-CF-146 was committed 274 days before he was sentenced, which would be

---

[1] The exhibit also contained physical description and fingerprint cards relating to both convictions. Appellant's identity as the person convicted is not at issue.

long after the conviction in cause number 85-CR-34 became final. But the time credit merely shows that appellant was in custody for 274 days before he was sentenced. There is no evidence from which the jury could rationally conclude that appellant was taken into custody on the day the offense was committed, or that the 274 days of custody immediately preceded the date of sentencing.

The State further argues that "the jury might decide that the length of time between the judgments was proof that the second prior offense was committed after the first prior conviction became final." In other words, the State asserts that because there was a nine-year gap between appellant's two Indiana convictions, the jury could infer that the offense for which he was convicted in 1994 was committed after the 1985 conviction became final. Once again, the State does not cite authority for this assertion.

The time between the two previous convictions might serve to prove the necessary sequence of events had the State introduced a file-marked copy of the indictment in cause number 22D01-9309-CF-146 or otherwise proved when the indictment in that cause was filed. If the evidence showed that the time between appellant's conviction in cause number 85-CR-34 and the filing of the indictment in cause number 22D01-9309-CF-146 exceeded the limitations period applicable to the offense in the latter cause, it could be inferred that the later offense was committed after the earlier conviction became final. *See Ex parte Girnus*, 640 S.W.2d 619, 621 (Tex. Crim. App. 1982).[2] But the statute of limitations cannot be employed without knowing when the

---

[2] *Girnus* and the other opinions cited in this paragraph involve the habitual offender provision found in penal code section 12.42(d). Tex. Penal Code Ann. § 12.42(d) (West Supp. 2007). Section 12.42(a)(2) and section 12.42(d) are substantially identical except that the former applies in prosecutions for state jail felonies while the latter applies in prosecutions for all other felonies.

indictment in cause number 22D01-9309-CF-146 was filed. *Ex parte Benavidez*, 696 S.W.2d 582, 583 (Tex. Crim. App. 1985). Moreover, the trial court's jury charge did not include the necessary instructions regarding the statute of limitations. *See Ex parte Klasing*, 738 S.W.2d 648, 650 (Tex. Crim. App. 1987).

The State failed to prove that the offense for which appellant was convicted in cause number 22D01-9309-CF-146 was committed after the conviction in cause number 85-CR-34 became final. *See Benavidez*, 696 S.W.2d at 583. Because the error relates only to the punishment assessed, we affirm the district court's judgment as to the finding of guilt, reverse that part of the judgment imposing sentence, and remand the cause for a new trial on punishment. *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2007).

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed in part; Reversed and Remanded in part

Filed:   February 27, 2008

Do Not Publish

4