### Ex parte Virginia McGOWEN.

### No. 63222.

Court of Criminal Appeals of Texas, En Banc.

Jan. 26, 1983.

*several threats to kill her made by appellant at various times during the criminal assault. The*

*evidence is sufficient.*

Victor A. Driscoll, Houston, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a denial of habeas corpus relief by County Criminal Court at Law No. 8 of Harris County.

Petitioner was convicted of 34 Class C misdemeanors before several justice of the peace courts in Harris County. When she was jailed for failure to pay her fines in those cases, she sought habeas corpus relief in the County Criminal Court at Law. Art. 11.09, V.A.C.C.P.; Art. 1970–110c.3(b), (c), V.A.C.S. That court granted relief from the jail confinements, and then entered its own order to secure payment of the justice court fines by installments:

| "NO. 553150 | | |
|---|---|---|
| THE STATE OF TEXAS )( | | IN THE COUNTY CRIMINAL |
| VS. )( | | COURT AT LAW NO. 8 |
| VIRGINIA McGOWEN )( | | HARRIS COUNTY, TEXAS |
| TOTAL AMT. DUE $2,396.50 | | APRIL TERM, A.D., 1979 |

IF SAID DEFENDANT SHOULD DEFAULT OF ANY PAYMENT AS OUTLINED, SAID DEFENDANT SHALL BE COMMITTED TO JAIL UNTIL REMAINING AMOUNT IS FULLY PAID.

On this date, 4–19–79, the Court finds the Defendant is unable to pay fine and costs of Court;

It is ORDERED that payment of the fine and costs in the above cause be DEFERRED and made payable on or before the __ day of ____. It is ORDERED that the Defendant pay fine and costs by INSTALLMENTS in the amount of $150; first installment due on the 1st day of June, 1979, and like amount on the first day of each month thereafter until said fine and costs are paid.

It is further ORDERED that the Clerk of this Court make this Order a part of the Judgment and Sentence of the above styled and numbered cause and forward a copy of this Order to the Sheriff of Harris County, Texas.

SIGNED and ENTERED this the 19 day of April, A.D., 1979.

/s/ Neel Richard
JUDGE, County Criminal Court
at Law # 8"

Subsequently the County Court at Law ordered petitioner jailed for failure to make payments under the above order. In her petition for habeas corpus relief from this confinement petitioner alleged as one ground of attack:

"Applicant's restraint is unlawful because this Honorable Court [County Criminal Court at Law No. Eight of Harris County] lacks authority to order a payment of the Harris County Justice Court fines assessed against Applicant in the numbered causes and Justice Courts as set out in attached exhibit 'A' and ordered by this Honorable Court on April 19, 1979. Further, this Honorable Court lacks authority to enforce said unlawful order and its issuance of a Capias Profine for non-compliance resulting in Applicant's arrest on August 21, 1979, is unlawful."

This same contention is raised in petitioner's brief on appeal from denial of habeas corpus relief. In that brief petitioner cites *Ex parte Minjares,* 582 S.W.2d 105.

In *Minjares,* the habeas corpus petitioner had been assessed traffic fines in municipal court and then sought habeas corpus relief in the County Court at Law from his commitment to jail for non-payment of the fines. That court denied relief and Minjares appealed. After finding he was entitled to relief because he was indigent and confinement of an indigent because he is too poor to pay his fines violates the constitution, this Court ordered the County Court at Law on remand to:

"(1) determine the cause numbers of the Municipal Court cases, (2) set aside the commitment to custody issued by the Municipal Court, and (3) remand petitioner to the Municipal Court for execution of the judgments on the fine and costs remaining due by arrangement in the Municipal Court of a schedule of payments or other means legally authorized. See Articles 42.15, 43.07, 45.06, 45.50, 45.52(b), V.A.C.C.P."

Petitioner in this case argues that the County Court at Law lacked lawful authority to impose the order requiring installment payments of the justice court fines, and after granting relief from the justice court confinements in the first habeas corpus proceedings the county court should have remanded her to the justice courts as was similarly ordered in *Minjares.*

We agree that the County Criminal Court at Law had no authority to impose its own order implementing a payment schedule. Petitioner was before the County Court on habeas corpus, not on appeal from the justice court convictions. The habeas corpus issue before the County Court was the lawfulness of petitioner's confinement. When that issue was resolved in petitioner's favor, it was the duty of the County Court to order petitioner discharged from confinement (see Art. 11.44, V.A.C.C.P.) and to remand her to the various justice courts for exercise of their jurisdiction to implement payment schedules under Art. 45.50, V.A.C.C.P. The jurisdiction of the County Court to implement such a payment schedule under Art. 42.15, V.A.C.C.P., applies to cases in which a defendant is convicted in that court. The purpose of habeas corpus is to determine the lawfulness of confinement, Art. 11.01 et seq., not to substitute for an appeal. See *Ex parte Powell,* 558 S.W.2d 480.

Petitioner is now confined for failure to comply with the County Court order quoted above. Because that court was without authority to issue that order, petitioner is remanded to the county court for determination of the appropriate justice courts and remand to those courts as was done in *Minjares,* supra.

Relief is granted.

TEAGUE, J., not participating.