83,325-02

May 12, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 20 2015

Abel Acosta, Clerk

Abel Acosta - Clerk
Court of Criminal Appeals
P.O.Box 12308 Capitol Station
Austin Texas, 78711

Re: Plaintiffs Original Application
For Writ of Mandamus;

Dear Clerk;

Enclosed please find Plaintiff Original
Motion for Writ of Mandamus to be filed in
the proper court at the proper time.

Please note a copy of the enclosed Mandamus
has been mailed to the District Clerk
of Harris County Texas also.

Please let me know the date of filing. Thank
you.

Respectfully Submitted

Sam Edward Cumbo

cc: on file         Sam Edward Cumbo   Pro Se

CAUSE NO.

SAM EDWARD CUMBO ⟩ COURT OF

TDCJ-ID # 530401
            RELATOR

V. ⟩ CRIMINAL APPEALS

CHRIS DANIEL,
HARRIS COUNTY DISTRICT CLERK
            RESPONDENT ⟩ TRAVIS COUNTY, TEXAS
IN HIS/HER OFFICIAL CAPACITY ⟩

A. PLAINTIFFS ORIGINAL APPLICATION FOR WRIT OF MANDAMUS

TO THE HONERABLE JUDGE(S) OF SAID COURT:

Comes Now, SAM EDWARD CUMBO, HEREIN AFTER REFERED TO AS RELATOR, RELATOR IS ACTING PRO SE IN THE FOLLOWING STYLE AND NUMBERED CAUSE OF ACTION, AND FILES THIS ORIGINAL APPLICATION FOR WRIT OF MANDAMUS, PURSUANT TO ARTICLE 11.07 SECTION 3(C) OF THE TEXAS CODE OF CRIMINAL PROCEDURE AND WOULD SHOW THE COURT THE FOLLOWING.

I

B. RELATOR

(1)

1.01 Sam Edward Cumbo, TDCJ-ID #530401, is an offender in the Texas Department of Criminal Justice and is appearing pro se, who can be located at, Estelle Unit, 264 F.M. 3478, Huntsville Texas 77320.

1.02 On or about December 3, 2014 Relator filed his petition for writ of Habeas Corpus 11.07 with the respondent in Harris County Texas.

1.03 On or about January 16, 2015 Relator recieved notification of States Original Answer filed January 15, 2015.

1.04 On or about March 27, 2015 Relator recieved notification of the States proposed findings of fact, conclusions of law and order also file stamped January 15, 2015. However said documents were not file stamped on the back until March 27, 2015 some 42 days later.

1.05 In said above order it clearly states, "The clerk is ordered to prepare a transcript of all papers in cause number 0540240-A and transmit same to the Court of Criminal Appeals as provided by Tex. Code Crim. Proc.

(2)

Ann. art. 11.07 §3.

1.06 On the 25th day of March this order was totally disobeyed. On April 17, 2015 relator wrote the Court of Criminal Appeals in answer to relators letter the Court of Criminal Appeals responded that relators 11.07 writ of habeas corpus had not be recieved by there clerk.

## II

C. Respondent

2.01 Respondent Chris Daniel, in his/her capacity as District Clerk of Harris County Texas, has a ministerial duty to recieve and file all papers in a criminal proceeding, and perform all other duties imposed on the clerk by law pursuant to Texas Code of Criminal Procedure Art. 2.21 and is responsible under Texas Code of Criminal Procedure 11.07 Sec. 3(c) to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date which that finding was made if the conviction court decides that there are issues to be resolved, Chris Daniel, District Clerk, Harris County, may

(3)

AT HIS/HER PLACE OF BUSSINESS AT CHRIS DANIEL, P.O. BOX 4651, HOUSTON TEXAS 77210-4651. ALSO THE RESPONDENT SHOULD BE CITED FOR ART. 11.34. DISOBEYING WRIT.

## III

D. VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE:

3.01 THE RESPONDENT VIOLATED ARTICLE 11.07 SECTION 3(c) OF THE TEXAS CODE OF CRIMINAL PROCEDURE BY FAILING TO PROVIDE A COPY OF THE APPLICATION FOR WRIT OF HABEAS CORPUS, ANY ANSWERS FILED, AND A CERTIFICATE RECITING THE DATE UPON WHICH THAT FINDING WAS MADE TO THE COURT OF CRIMINAL APPEALS WITHIN THE TIME PRESCRIBED BY LAW AND WITHIN A REASONABLE TIME FROM THE DATE ON WHICH THE DOCUMENTS WERE REQUESTED TO BE TRANSMITTED.

3.02 RESPONDENT WOULD DIRECT THE COURTS ATTENTION TO ARTICLE. 11.34. DISOBEYING WRIT. THE FACT THAT RESPONDENT HAS CLEARLY DISOBEYED THE CODE OF CRIMINAL PROCEDURE CLEARLY INDICATES A MISCARRAGE OF JUSTICE BY RESPONDENT.

(4)

3.03 THE ACT SOUGHT TO BE COMPELLED IS MINISTRIAL NOT DISCRETIONARY IN NATURE. TEXAS CODE OF CRIMINAL PROCEDURE ART. 11.07 SECTION 3(C) REQUIRES RESPONDENT TO IMMEDIATELY TRANSMIT TO THE COURT OF CRIMINAL APPEALS A COPY OF THE APPLICATION FOR WRIT OF HABEAS CORPUS, ANY ANSWERS FILED, AND A CERTIFICATE RECITING THE DATE UPON WHICH THAT FINDING WAS MADE. IF THE CONVICTING COURT DECIDES THAT THERE ARE NO ISSUES TO BE RESOLVED. NO COPY OF THE APPLICATION FOR WRIT OF HABEAS CORPUS, ANY ANSWERS FILED AND A CERTIFICATE RECITING THE DATE UPON WHICH THAT FINDING WAS MADE HAS BEEN TRANSMITTED TO THE COURT OF CRIMINAL APPEALS. HAD SUCH DOCUMENTS BEEN TRANSMITTED TO THE COURT OF CRIMINAL APPEALS BY RESPONDENT AS REQUIRED BY STATUTE, RELATOR WOULD HAVE RECIEVED NOTICE FROM THE COURT OF CRIMINAL APPEALS.

3.04 RELATOR ON APRIL 17, 2015 SENT THE COURT OF CRIMINAL APPEALS A LETTER REQUESTING HAD HIS 11.07 WITH THE COURTS ORDERED DOCUMENTS TO BE FOWARDED. THE COURT OF CRIMINAL APPEALS RESPONDED SAYING NOTHING HAD BEEN FOWARDED TO THAT COURT, AS EXHIBIT C WILL SHOW.

3.05 ARTICLE 11.07 SECTION (3) CLEARLY STATES THAT "(IF THE CONVICTING COURT DECIDES THAT THERE ARE NO SUCH ISSUES, THE CLERK SHALL IMMEDIATELY TRANSMIT TO THE COURT OF CRIMINAL APPEALS A COPY OF THE APPLICATION, ANY ANSWERS FILED, AND A CERTIFICATE RECITING THE DATE UPON WHICH THAT FINDING WAS MADE. FAILURE OF THE COURT TO ACT WITHIN THE ALLOWED 20 DAYS SHALL CONSTITUTE SUCH A FINDING." TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 11.07 SECTION 3(C) RESPONDENT IS IN CLEAR VIOLATION OF THIS PROCEDURE, MINISTERIAL DUTIES, AND THUS THE LAWS OF THIS STATE.

## IV

### E. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED RELATOR SAM EDWARD COMBO, PRO SE, RESPECTFULLY REQUEST A FINDING THAT THE RESPONDENT DID NOT TRANSMIT DOCUMENTS TO THE COURT OF CRIMINAL APPEALS WITHIN A REASONABLE TIME AFTER THE DATE THEY WERE REQUIRED BY LAW AND THAT RELATOR BROUGHT THIS LITIGATION IN GOOD FAITH AND HAS SUBSTANTIALLY PREVAILED. RELATOR PRAYS FOR AN ORDER DIRECTING RESPONDENT TO TRANSMIT A COPY OF THE APPLICATION

(6)

FOR WRIT OF HABEAS CORPUS, ANY ANSWERS FILED, A CERTIFICATE RECITING THE DATE UPON WHICH THAT FINDING WAS MADE TO THE COURT OF CRIMINAL APPEALS AS DIRECTED IN ARTICLE 11.07 SECTION 3(c) OF THE TEXAS CODE OF CRIMINAL PROCEDURE AND AS REQUESTED IN RELATORS APPLICATION.

RESPECTFULLY SUBMITTED

*Sam Edward Cumbo*

SAM EDWARD CUMBO (PRO SE)
TDCJ-ID # 530401, ESTELLE UNIT
264 F.M. 3478
HUNTSVILLE TEXAS 77320

## DECLARATION

I, SAM EDWARD CUMBO, TDCJ-ID#530401, BEING PRESENTLY INCARCERATED IN THE ESTELLE, UNIT, OF TDCJ-ID, IN WALKER COUNTY, TEXAS DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING DOCUMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

*Sam Edward Cumbo*

SAM EDWARD CUMBO

(7)

CERTIFICATE OF SERVICE

I, SAM EDWARD CUMBO, TDCJ-ID #530401, RELATOR IN THE HERETO ATTACHED ACTION, CERTIFY THAT A TRUE AND CORRECT COPY OF THIS APPLICATION FOR WRIT OF MANDAMUS, HAS BEEN MAILED TO RESPONDENT, CHRIS DANIEL, DISTRICT CLERK OF HARRIS COUNTY, TEXAS AT P.O. BOX 4651 HOUSTON TEXAS 77210-4651, BY PLACING SAME IN THE UNITED STATES MAIL, POSTAGE PREPAID, ON THIS ___ DAY OF 2015.

Sam Edward Cumbo
SAM EDWARD CUMBO
(RELATOR) PRO SE



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

January 16, 2015

SAM EDWARD CUMBO
#530401 ESTELLE UNIT
264 FM 3478
HUNTSVILLE, TEXAS 77320

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 540240-A in the 177th District Court.

☒ State's Original Answer Filed January 15, 2015

☐ Affidavit ,

☐ Court Order Dated ,

☐ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☐ Respondent's Proposed Findings of Fact and Order ,

☐ Other

Sincerely,

Leslie Hernandez, Deputy
Criminal Post Trial

lah

Enclosure(s) — STATE'S ORIGINAL ANSWER

EXHIBIT "A"

1-A

FILED
Chris Daniel
District Clerk

JAN 15 2015
Time: 4:20
Harris County, Texas
By _____ Deputy

CAUSE NO. 0540240-A

EX PARTE                        §        IN THE 177TH DISTRICT COURT

                                §        OF

SAM EDWARD CUMBO,               §        HARRIS COUNTY, TEXAS
    Applicant

## STATE'S ORIGINAL ANSWER

The State of Texas, through its Assistant District Attorney for Harris County, files this, its original answer in the above-captioned cause, having been served with an application for writ of habeas corpus pursuant to TEX. CRIM. PROC. CODE art. 11.07 § 3 (West 2013), and would show the following:

I.

The applicant is confined pursuant to the judgment and sentence of the 177th District Court of Harris County, Texas, in cause number 0540240 (the primary case). In the applicant's first trial, a jury found the applicant guilty of capital murder, and the trial court imposed the death penalty. The Court of Criminal Appeals reversed the judgment and remanded the case for a new trial. In the applicant's second trial, the jury found the applicant guilty of capital murder, but answered the first and second special punishment issues in the

negative. The applicant's punishment in the primary case was then assessed at life imprisonment.

The First Court of Appeals issued an opinion on January 31, 1991, affirming the conviction. Cumbo v. State, No. 01-89-1176-CR (Tex. App.—Houston [1st Dist.] January 31, 1991) (not designated for publication).

## II.

The State denies the factual allegations made in the instant application, except those supported by official court records, and offers the following additional reply:

While the Court of Criminal Appeals has never imposed any requirement that claims for habeas relief be asserted within a specified period of time, *Ex parte Carrio*, 992 S.W.2d 486, 487 (Tex. Crim. App. 1999), the Court has also recognized that the doctrine of laches can bar habeas relief in the circumstance that the State is harmed as a result of an unreasonable delay in pursuing a habeas claim. *Id.* at 488; *see also Ex Parte Perez*, 398 S.W.3d 206, 215 (Tex. Crim. App. 2013) (reaffirming *Carrio's* holding that Texas courts may apply the common-law doctrine of laches in determining whether to grant habeas relief).

The State and the society have a legitimate interest in the finality of a long-standing conviction. *Ex parte Perez*, 398 S.W.3d at 218. The equitable doctrine of

2

3-A

laches is applied as a bar to habeas corpus relief when an applicant's unreasonable delay has prejudiced the State. *Id.* at 219. For a laches argument to prevail, the State must show by a preponderance of the evidence that there has been an unreasonable delay by the applicant and prejudice resulted from the delay. *Id.* at 210 n. 3.

To determine if the delay is unreasonable, reviewing courts may consider, among other things, the length of the delay in filing the application, the reasons for the delay, and the degree and type of prejudice resulting from the delay. *See Ex parte Perez*, 398 S.W.3d at 217 (holding that similar to speedy-trial claims, no single factor is necessary or sufficient). In considering whether prejudice has been shown, the reviewing court is permitted to consider anything that places the State in a less favorable position, including prejudice to the State's ability to retry the applicant. *Id.* at 215. Therefore, the reviewing court may draw reasonable inferences from the circumstantial evidence to determine whether excessive delay has likely compromised the reliability of a retrial. *Id.* at 217 (reasoning that, similar to speedy-trial claims, "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove, or, for that matter, identify") (citing *Doggett v. United State*, 505 U.S. 647, 655 (1992)). Thus, the State's "pleadings invoking laches in the habeas context need only give notice to the opposing side and need

RETRIAL 5x

4-A

not [raise] a prima facie showing of particularized prejudice[.]" *Ex parte Perez*, 398 S.W.3d at 217 n. 3.

The extent of the prejudice that the State must prove bears an inverse relationship to the length of the applicant's delay. *Ex parte Perez*, 398 S.W.3d at 217. The longer an applicant delays filing an application, the less evidence the State must show to demonstrate prejudice. *Id.* at 217-18 (reasoning that the longer a case has been delayed, the more likely it is that the reliability of a retrial has been compromised). Although the Texas Court of Criminal Appeals declined to adopt a rebuttable presumption of prejudice to the State after a specified period of time, it "recognize[d] that delays of more than five years may generally be considered unreasonable in the absence of any justification for the delay." *Id.* at 216 n. 12. If prejudice to the State is shown, the reviewing court must then weigh that prejudice against any equitable consideration that militates in favor of granting habeas relief. Allowing the reviewing court to reject the State's reliance on laches when the record shows that (1) an applicant's delay was not unreasonable because it was due to a justifiable excuse or excusable neglect; (2) the State would not be materially prejudiced as a result of the delay; or (3) the applicant is entitled to equitable relief for other compelling reasons, such as new evidence that shows he is actually

4

5-A

innocent of the offense, or in some case, that he is reasonably likely to prevail on the merits. *Id.*

Here, the applicant was found guilty, for the second time, to the offense in the primary case on November 13, 1989. *See State's Writ Exhibit A, Judgment On Jury Verdict of Guilty, No.540240.* The trial court entered its judgment on the same date. *See Id.* The trial received the mandate on October 15, 1991. The applicant's instant habeas application, filed December 10, 2014, seeks relief based on a case which took place nearly thirty (30) years ago, and over twenty-three (23) years after the final conviction in the primary case. It is unlikely that the State would be able to locate all of its material witnesses in the event of a retrial, and thus its ability to retry the primary case is greatly diminished. Moreover, it would not be reasonable to assume that the same evidence would be available after twenty-three (23) years. The applicant has not accounted any reasons for the extended delay, nor does he provide a justifiable excuse. *Ex parte Perez*, 398 S.W.3d at 216 n.12. The applicant does not show that the State is not materially prejudiced due to his delay, nor show that he is entitled to equitable relief for other compelling reasons. *Id.*

Due to the applicant's unreasonable delay of over twenty-three (23) years in pursuing his instant habeas claims, the State has been prejudiced in its ability to

6-A

respond to the applicant's habeas claims, and therefore the applicant's instant habeas claims should be denied based on the doctrine of laches. *Carrio*, 992 S.W.2d at 487.

In the alternative,

### REPLY TO THE APPLICANT'S FIRST AND THIRD GROUNDS FOR RELIEF

The applicant appears to allege trial court error and insufficient evidence. *See Writ Application* at 6, 8.

However, it is well settled that a habeas proceeding should not be used to litigate issues that should have been raised on direct appeal. *See Ex parte Gardner*, 959 S.W.2d 189, 198-200 (Tex. Crim. App. 1998); *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991); *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978); *Ex parte Acosta*, 672 S.W.2d 470 (Tex. Crim. App. 1984). The purpose of habeas corpus is to determine the lawfulness of confinement and not to serve as the substitute for an appeal. *Ex parte Clore*, 690 S.W.2d 899, 900 (Tex. Crim. App. 1985); *Ex parte McGowan*, 645 S.W.2d 286, 288 (Tex. Crim. App. 1983).

Generally, factual and evidentiary challenges are "record claims" and should be litigated on direct appeal. *Gardner*, 959 S.W. 2d at 198-200. The applicant's allegations are considered "record claims" and should have been brought up on appeal. *See Id.* A claim that could have been asserted on direct appeal is not

6

7-A

cognizable in habeas corpus. *Ex parte Cruzata,* 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). When an applicant fails to raise an issue on direct appeal where there was an adequate remedy at law, he forfeits his right to have the merits of the claim reviewed on an application for a writ of habeas corpus. *Ex parte Townsend,* 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). Thus, this ground should be denied.

Therefore, the applicant's instant ground for relief is without merit and should be denied.

### REPLY TO THE APPLICANT'S SECOND GROUND FOR RELIEF

The applicant claims that the indictment is invalid. *See Writ Application* at 7. Specifically, the applicant claims that the date of offense alleged in the indictment of "8/23/89" is an "impossible date" as the "89" could mean 1989 or 2089. *See Id.*

However, if a criminal defendant does not object to a defect, error, or irregularity of form or substance in an indictment before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding. *See* TEX. CRIM. PROC. CODE ANN. art. 1.14(b) (West 2013); *see also Ex parte Patterson,* 969 S.W.2d 16, 19 (Tex. Crim. App. 1998); *Studer v. State,* 799 S.W.2d 263, 273 (Tex. Crim. App. 1990). The applicant

8-A

fails to show that he objected to the indictment pretrial. Therefore, he is procedurally defaulted from litigating that issue in the instant writ proceeding.

This instant ground has no merit and must be denied.

## III.

The applicant raises questions of law and fact, which can be resolved by the Court of Criminal Appeals upon review of official court records and without need for an evidentiary hearing.

8

9-A

CAUSE NO. 0540240-A

| EX PARTE | § | IN THE 177TH DISTRICT COURT |
| | § | OF |
| SAM EDWARD CUMBO, Applicant | § | HARRIS COUNTY, TEXAS |

## CERTIFICATE OF COMPLIANCE UNDER TEX. R. APP. 73.1(f)

The State of Texas, through its Assistant District Attorney for Harris County,

files this, its Certificate of Compliance in the above-captioned cause, having been

served with an application for writ of habeas corpus pursuant to Tex. Crim. Proc.

Code art. 11.07 § 3. The State certifies that the number of words in the State's

Original Answer is 1671.

Signed this 15th day of January, 2015.

Respectfully Submitted,

Sharon Y. Chu
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar # 24051950

11-A

STATE OF TEXAS
CC

I, C_____ County, Texas, certify that
this _____ record filed and or recorded
In m_____ appears on this date.
Witnessed_____ and seal of office this

JAN 1 6 2015

CHRISDANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Deputy

## IV.

Service has been accomplished by sending a copy of this instrument to the following address:

       Mr. Sam Edward Cumbo
       TDCJ # 530401
       Estelle Unit
       264 FM 3478
       Huntsville, Texas  77320

SIGNED this 15th day of January, 2015.

              Respectfully submitted,

              *Sharon Y. Chu*

              Sharon Y. Chu
              Assistant District Attorney
              Harris County District Attorney's Office
              1201 Franklin Street
              Houston, Texas 77002
              (713) 755-6657
              Texas Bar I.D. #24051950

10-A

STATE OF TEXAS
COUNTY OF HARRIS

I, CHRIS DANIEL, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

JAN 1 6 2015

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy

THE STATE OF TEXAS  
VS. _Sam Edward Cumbo_  NO. _540240_

IN THE _177th_ DISTRICT  
COURT OF HARRIS COUNTY, TEXAS

## JUDGMENT ON JURY VERDICT OF GUILTY
## PUNISHMENT FIXED BY COURT OR JURY - NO PROBATION GRANTED

| | | |
|---|---|---|
| Judge Presiding | : _William Hatten_ | Date of Judgment: _11/13/89_ |
| Attorney for State | : _Robin Brown_ | Attorney for Defendant: _James Stafford_ |
| Offense Convicted of | : _Capital Murder_ | |

| | | |
|---|---|---|
| Degree : _N/A_ | | Date Offense Committed: _September 12, 1985_ |
| Charging Instrument: Indictment/~~Information~~ | | |
| Plea | : _Not Guilty_ | |
| Jury Verdict | : _Guilty_ | Foreman: _Billy Edward_ |
| Plea to Enhancement Paragraph(s) | : _N/A_ | Enhancement Paragraph(s): _N/A_ |
| Findings on Use of Deadly Weapon | : _was used during the commission of this offense_ | _(illegible)_ |
| Punishment Assessed by | : _Jury_ | |
| Date Sentence Imposed | : _November 28, 1989_ | Costs: _42.50_ |
| Punishment and Place of Confinement | : _Life_ | Date to Commence: _October 11, 1985_ |
| Time Credited | : _N/A_ | Total Amount of Restitution/Reparation: _N/A_ |
| Concurrent Unless Otherwise Specified. | | |

On this day, set forth above, this cause was called for trial, and the State appeared by the above named attorney, and the Defendant appeared in person in open court, the above named counsel for Defendant also being present, or, where a defendant is not represented by counsel, that the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel; and the said Defendant having been duly arraigned and it appearing to the Court that Defendant was mentally competent, and having pleaded as shown above to the indictment herein, both parties announced ready for trial and thereupon a jury, to-wit, the above named foreman and eleven others was duly selected, impaneled and sworn, who having heard the indictment read and the Defendant's plea thereto, and having heard the evidence submitted, and having been duly charged by the Court, retired in charge of the proper office to consider the verdict, and afterward were brough into Court by the proper officer, the Defendant and defendant's counsel being present, and returned into open court the verdict set forth above, which was received by the Court and is here now entered upon the minutes of the Court as shown above.

[X] The Defendant, in person, in writing, and in open court, with the written agreement of the court, waived his right to the preparation of a pre-sentence report by the Probation Office, such waiver having been filed in the papers of the cause.

[ ] The Defendant not having waived the preparation of a pre-sentence report by the Probation Officer, the Court directed the Probation Officer to prepare such a report.

Thereupon, the Defendant elected to have punishment assessed by the above shown assessor of punishment, and when shown above that the indictment contains enhancement paragraph(s), which were not waived, and alleges Defendant to have been convicted _N/A_ previously of any felony or offenses for the purpose of enhancement of punishment, then the Court asked Defendant if such allegations were true or false and Defendant answered as shown above. And when Defendant is shown above to have elected to have the jury assess punishment, such jury was called back into the box and heard evidence relative to the question of punishment and having been duly charged by the Court; they retired to consider such question, and after having deliberated, they returned into Court the verdict shown under punishment above; and when Defendant is shown above to have elected to have punishment fixed by the Court, in due form of law further evidence was heard by the Court relative to the question of punishment and the Court fixed punishment of the Defendant as shown above.

IT IS, THEREFORE, CONSIDERED AND ORDERED by the Court, in the presence of the Defendant, that the said judgment be, and the same is hereby in all things approved and confirmed, and that the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, as set forth above, and said Defendant be punished in accordance with the Jury Verdict or the Court's Finding, as shown above and that the Defendant is sentenced to a term of imprisonment or fine or both, as set forth above, and that said Defendant be delivered by the Sheriff to the Director of the Department of Corrections of the State of Texas, or other person legally authorized to receive such convicts for the punishment assessed herein, and the said Defendant shall be confined for the above named term in accordance with the provisions of law governing such punishments and execution may issue as necessary.

And the said Defendant is remanded to jail until said Sheriff can obey the directions of this judgment.

VOL. _____ PAGE _____

MEMORANDUM
...dation, this instrument was
...quate for the best photographic
... because of illegibility, carbon or
... copy, discolored paper, etc. All blockouts,
... and changes were present at the time
the instrument was filed and recorded.

ENTERED _(illegible)_  
VERIFIED _(illegible)_

STATE'S Writ  
EXHIBIT  
A  
PENGAD 800-631-6989

_12-A_

# BILL OF COSTS

| CLERK'S FEES | | | RECAPITULATION | | |
|---|---|---|---|---|---|
| Clerk's Fee........................ | 25 | 00 | Fine........................ | | |
| | | | Misc. Cost.................. | | |
| | | | Trial Fee................... | 5 | 00 |
| SHERIFF'S FEES | | | District Atty's Fees........ | 15 | 00 |
| Serving _____ Capias & Mileage...... | | | Clerk's Fees................ | 25 | 00 |
| Summoning_____ Witness and Mileage... | | | Sheriff's Fees.............. | | |
| Jury Fee............................ | | | Jury Fee ................... | | |
| Taking _____ Bonds ............... | | | Crim. Justice Planning Fund.... | 20 | 00 |
| Commitment......................... | 2 | 00 | L.E.O.S.E.F................. | 1 | 00 |
| Release............................ | 2 | 00 | C.V.C.F..................... | 20 | 00 |
| Attachment ........................ | | | Attorney Fees............... | | |
| TOTAL..................... | | | J.C.P.T.F................... | 1 | 00 |
| | | | Witnesses................... | | |
| TEXAS DEPARTMENT OF CORRECTIONS————— | | | ..................... | | |
| TIME ASSESSED: _Life_ | | | ..................... | 42 | 50 |
| CREDIT: Sentence to begin _10/11/85_ | | | | | |
| Additional Credit _N/A_ Days | | | TOTAL ..................... | | |

Signed and entered this the _____ day of ___**NOV 28 1989**___, A. D. 19____.

PRESIDING JUDGE

Notice of Appeal: _N/A_

NOV 28 1989

DATE SIGNED

Probation expires _N/A_

Right Index
fingerprint
11-28-89

Judge 4.22

, and the Court further found that a deadly weapon, to-wit, a ~~firearm~~ *screwdriver*
was used during the commission of this offense

L.D. Estes
Badge 1832

LB

12/5/89

To which action of the Court the Defendant then and there, in open Court
excepted and gave notice of appeal to the Court of Appeals in the State of
Texas, Houston, Texas.
And inasmuch as said Defendant has given notice of appeal herein, execution
of the Sentence is deferred to await the Judgment and order of our Court of
Appeals in this behalf.

Bond set at 0



**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK

*1-β*

March 27, 2015

SAM EDWARD CUMBO
#530401 ESTELLE UNIT
264 FM 3478
HUNTSVILLE, TX 77320

To Whom It May Concern:

Pursuant to Article 11.07 of the Texas Code of Criminal Procedure, please find enclosed copies of the documents indicated below concerning the Post Conviction Writ filed in cause number 540240-A in the 177th District Court.

☐ State's Original Answer Filed ,

☐ Affidavit ,

☐ Court Order Dated ,

☐ Respondent's Proposed Order Designating Issues and Order For Filing Affidavit.

☒ Respondent's Proposed Findings of Fact and Order March 25, 2015

☐ Other

Sincerely,

*Erin Bryan*

Erin Bryan, Deputy
Criminal Post Trial

eb

Enclosure(s) –

EXHIBIT "B"

*1-.*

CAUSE NO. 0540240-A

| EX PARTE | § | IN THE 177TH DISTRICT COURT |
| | § | OF |
| SAM EDWARD CUMBO,<br>Applicant | § | HARRIS COUNTY, TEXAS |

## STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

Having reviewed the application for writ of habeas corpus, the State's original answer, and the official court records of the challenged conviction, the Court finds that there are no controverted, previously unresolved facts material to the legality of the applicant's confinement which require an evidentiary hearing. The Court adopts as Findings of Fact the history of the case as set forth in the State's Original Answer and further recommends that relief be denied based on the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The applicant is confined pursuant to the judgment and sentence of the 177th District Court of Harris County, Texas, in cause number 0540240 (the primary case).

2. In the applicant's first trial, a jury found the applicant guilty of capital murder, and the trial court imposed the death penalty. The Court of Criminal

Appeals reversed the judgment and remanded the case for a new trial. In the applicant's second trial, the jury found the applicant guilty of capital murder, but answered the first and second special punishment issues in the negative. The applicant's punishment in the primary case was then assessed at life imprisonment.

3.      The First Court of Appeals issued an opinion on January 31, 1991, affirming the conviction. *Cumbo v. State*, No. 01-89-1176-CR (Tex. App.—Houston [1st Dist.] January 31, 1991) (not designated for publication).

4.      At least twenty-three (23) years have passed since the mandate in the applicant's case issued.

5.      In the event of a retrial, it is unlikely that the State would be able to locate all of the material witnesses in the primary case, and it is not unreasonable to assume that not all of the evidence would be available due to time passage.

6.      The applicant did not give any reasons to account for the delay in filing the instant application.

7.      The applicant has not accounted any reasons for the extended delay, nor does he provide a justifiable excuse.

8. Due to the applicant's unreasonable delay of over twenty-three (23) years in pursuing his instant habeas claims, the State has been prejudiced in its ability to respond to the applicant's habeas claims.

9. The applicant's claims of trial court error and insufficient evidence are record claim and are not cognizable on habeas.

10. The applicant did not object to any defect, error, or irregularity of form or substance in the indictment before the date on which the trial on the merits commenced.

11. In all things, the applicant has failed to demonstrate that his conviction was improperly obtained or that he is being improperly confined.

## CONCLUSIONS OF LAW

12. It is well settled that a habeas proceeding should not be used to litigate issues that should have been raised on direct appeal. *See Ex parte Gardner*, 959 S.W.2d 189, 198-200 (Tex. Crim. App. 1998); *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991); *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978); *Ex parte Acosta*, 672 S.W.2d 470 (Tex. Crim. App. 1984).

13. The purpose of habeas corpus is to determine the lawfulness of confinement and not to serve as the substitute for an appeal. *Ex parte Clore*, 690 S.W.2d 899, 900 (Tex. Crim. App. 1985); *Ex parte McGowan*, 645 S.W.2d 286, 288

(Tex. Crim. App. 1983). The applicant's allegation of insufficiency evidence, trial court error, and prosecutorial misconduct are considered "record claims" and should have brought it up on appeal. *See id.*

14. Challenges to the sufficiency of the evidence are not cognizable on habeas. *Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981); *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1988); *Ex parte Ash*, 514 S.W.2d 762, 763 (Tex. Crim. App. 1974).

15. If a criminal defendant does not object to a defect, error, or irregularity of form or substance in an indictment before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding. *See* TEX. CRIM. PROC. CODE ANN. art. 1.14(b) (West 2013); *see also Ex parte Patterson*, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998); *Studer v. State*, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990).

16. In all things, the applicant has failed to demonstrate that his conviction was improperly obtained or that he is being improperly confined.

Accordingly, it is recommended to the Texas Court of Criminal Appeals that relief be denied.

# ORDER

THE CLERK IS ORDERED to prepare a transcript of all papers in cause number 0540240-A and transmit same to the Court of Criminal Appeals as provided by TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (West 2013). The transcript shall include certified copies of the following documents:

A. the application for writ of habeas corpus with all attachments;

B. the State's answer;

C. the trial court's order, Findings of Fact and Conclusions of Law;

D. the State's and the Applicant's Proposed Findings of Fact and Conclusions of Law (if any); and

E. the indictment, docket sheets, and judgment and sentence in cause number 0540240.

THE CLERK is further ORDERED to send a copy of this order to the applicant, Mr. Sam Cumbo, TDCJ # 530401, Estelle Unit, 264 FM 3478, Hunstsville, Texas 77320; and a copy to the counsel for the State, Sharon Y. Chu, Assistant District Attorney, 1201 Franklin, Suite 600, Houston, Texas 77002.

**By the following signature, the Court adopts the State's Proposed Findings of Fact, Conclusions of Law and Order in cause number 0540240-A.**

Signed on this __25__ day of __March__ , 20__25__.

_____
JUDGE PRESIDING

5

FILED
Chris Daniel
District Clerk
Time: _____ JAN 15 2015
Harris County, Texas
Deputy

CAUSE NO. 0540240-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE 177TH DISTRICT COURT |
| | § | OF |
| SAM EDWARD CUMBO, Applicant | § | HARRIS COUNTY, TEXAS |

## **CERTIFICATE OF COMPLIANCE UNDER TEX. R. APP. 73.1(f)**

The State of Texas, through its Assistant District Attorney for Harris County, files this, its Certificate of Compliance in the above-captioned cause, having been served with an application for writ of habeas corpus pursuant to Tex. Crim. Proc. Code art. 11.07 § 3. The State certifies that the number of words in the State's Proposed Findings of Fact and Conclusions of Law and Order is 684.

Signed this 15th day of January, 2015.

Respectfully Submitted,

Sharon Y. Chu
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-6657
Texas Bar # 24051950