# NO. 12-16-00224-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DAVID MARK DAVIS, II,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION

Relator, David Mark Davis, II, seeks mandamus relief from an order signed by Respondent, the Honorable Robert K. Inselmann, Jr., Judge of the 217th District Court of Angelina County, denying Relator's application for writ of habeas corpus. We deny the petition.

## BACKGROUND

Relator was found guilty in Lufkin Municipal Court of the offense of speeding. He appealed that conviction to the county court at law. After a trial de novo, the county court at law found him guilty and assessed a fine of $100.00. Relator attempted to appeal that judgment to this court. We dismissed the appeal for want of jurisdiction.[1] Relator then filed his application for writ of habeas corpus in Respondent's court requesting Respondent vacate his conviction. After Respondent denied the application, Relator appealed that order to this court. In an opinion delivered today, we affirm the trial court's order based on the fact that Relator was not confined, restrained, or suffering collateral legal consequences as required to be entitled to habeas corpus relief.[2] On August 22, 2016, Relator filed this petition for writ of mandamus.

---

[1] *Davis v. State*, No. 12-15-00082-CR, 2016 WL 1745516 (Tex. App.−Tyler April 29, 2016, no pet.) (mem. op., not designated for publication).

[2] *Ex parte Davis*, No. 12-16-00188-CR (Tex. App.−Tyler October 31, 2016, no pet. h.).

## AVAILABILITY OF MANDAMUS

Mandamus relief is appropriate if the relator demonstrates that the act sought to be compelled is purely "ministerial" and that the relator has no other adequate legal remedy. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). For a duty to be ministerial, the law must clearly spell out the duty to be performed with such certainty that nothing is left to the exercise of discretion or judgment. *State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 928 (Tex. Crim. App. 2001) (orig. proceeding). In other words, the act must be "positively commanded and so plainly prescribed" under the law "as to be free from doubt." *Id*. The merits of the relief sought must be beyond dispute. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003) (orig. proceeding). If there is any discretion or judicial determination attendant to the act, it is not ministerial. *State ex rel. Hill*, 34 S.W.3d at 927. While a trial court has a ministerial duty to rule on a motion that is properly and timely presented to it for a ruling, in general it has no ministerial duty to rule a certain way on that motion. *In re Mendoza*, 467 S.W.3d 76, 78 (Tex. App.−Houston [1st Dist.] 2015, orig. proceeding).

## DENIAL OF HABEAS CORPUS RELIEF

In his petition for mandamus, Relator asserts that Respondent had a ministerial duty to grant habeas relief. He requests that this court issue a writ of mandamus commanding Respondent to set aside Relator's conviction.

The purpose of habeas corpus is to determine the lawfulness of confinement. *See Ex parte McGowen*, 645 S.W.2d 286, 288 (Tex. Crim. App. 1983). The decision of the trial court to grant or deny habeas relief is a matter of discretion. *Ex parte Alt*, 958 S.W.2d 948, 950 (Tex. App.−Austin 1998, no pet.). While Respondent had a ministerial duty to rule on Relator's application, Respondent did not have a ministerial duty to rule in Relator's favor. *See In re Mendoza*, 467 S.W.3d at 78. Furthermore, as we explain in our opinion disposing of Relator's appeal from the denial of his application for writ of habeas corpus, Relator was not confined, restrained, or subject to collateral legal consequences resulting from his conviction for speeding. *Ex parte Davis*, No. 12-16-00188-CR at *3; *Ex parte Rinkevich*, 222 S.W.3d 900, 902 (Tex. App.−Dallas 2007, no pet.). Therefore, he was not entitled to habeas relief. *See Ex parte McGowen*, 645 S.W.2d at 288. Because Relator has not demonstrated that rendering an order

granting his application for writ of habeas corpus and vacating his conviction is a purely ministerial act, Relator is not entitled to mandamus relief. *See **In re State ex rel. Weeks***, 391 S.W.3d at 122.

## DISPOSITION

Having determined that Respondent did not abuse its discretion when it denied Relator's application for writ of habeas corpus, we ***deny*** the petition for writ of mandamus.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 31, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# ORDER

OCTOBER 31, 2016

NO. 12-16-00224-CR

**DAVID MARK DAVIS, II,**
Relator
v.
**HON. ROBERT K. INSELMANN, JR.,**
Respondent

---

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **DAVID MARK DAVIS II**, who is the relator in Cause No. 2016-0296 in the 217th District Court of Angelina County, Texas. Said petition for writ of mandamus having been filed herein on August 2, 2016, and the same having been duly considered, because it is the opinion of this Court that there is no merit to the petition, it is therefore CONSIDERED, ORDERED, and ADJUDGED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*